BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| Farm-to-Consumer | : | |
| Legal Defense Fund, et al. | : | Case No. 1:08-cv-01546-RMC |
| | : | |
| Plaintiffs | : | Judge Rosemary M. Collyer |
| | : | |
| v. | : | |
| | : | |
| U.S. Department of Agriculture, et al. | : | |
| | : | |
| Defendants | : | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Necessity of the Motion

Fed. R. Civ. P. 15(a)(1) provides, in part, that a party may amend its pleadings "once as a matter of course: (A) before being served with a responsive pleading. . . ." In this case, both Defendants have filed a motion to dismiss and Defendant Michigan Department of Agriculture has combined its motion to dismiss with a motion for summary. Neither Defendant has filed an answer in this case.

According to the D. C. Circuit Court of Appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. See: *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-283 (D.C. Cir. 2000). This Court has also recognized that Rule 15(a) guarantees "a plaintiff a right to amend a complaint once at any time before the defendant has filed a responsive pleading." See: *Evans v. Chase Manhattan Mortg. Corp.* (J. Collyer), Not Reported in F.Supp.2d, 2005 WL 555411, pg. 2, (D.D.C., 2005.)

The motions filed by Defendants do not constitute a responsive pleading. As the

D.C. Circuit Court of Appeals has stated, "We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15." *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 283, (C.A.D.C., 2000). See also: *Confederate Memorial Ass'n, Inc. v. Hines*, 995 F.2d 295, 296, (C.A.D.C., 1993) ("As a motion to dismiss is not ordinarily considered a "responsive pleading" under Rule 15(a), (citation omitted), appellants could have amended their complaint as of right prior to the court's decision on the motions."). This Court has reached the same conclusion. See: *Davis v. U.S.*,(J. Collyer), Not Reported in F.Supp.2d, 2006 WL 2687018, fn. #1, (D.D.C., 2006). Thus, Plaintiffs are entitled under Rule 15(a) to file their First Amended Complaint as a matter of right.

Yet Plaintiffs were to have filed a response to Defendants' motions to dismiss by January 2, 2009. See Minute Order of 11/21/08. Unfortunately, Plaintiffs' counsel inadvertently read the CM/ECF email notice of the Minute Order that was sent to him as "1/12/09" on his computer screen and consequently failed to timely file Plaintiffs' response to Defendants' motion to dismiss. Consequently, Plaintiffs seek leave of Court to file their instant First Amended Complaint.

Counsel for Plaintiff apologizes to the Court for missing this filing deadline, for incurring the Court's time in reviewing this motion, and pleads excusable neglect. Plaintiffs should not be punished for the neglect of Counsel. Therefore, Plaintiffs of necessity must file their instant Motion for Leave to file their First Amended Complaint.

<u>Standard of Review</u>

Leave to amend a complaint is usually "freely given when justice so requires." *Nextel Spectrum Acquisition Corp. v. Hispanic Information and Telecommunications*

*Network, Inc*. (J. Collyer), 571 F.Supp.2d 59, 62 (D.D.C., 2008.). In addition, Rule 15(a) allows a party to amend its pleading to add a new party. See: *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 (D.D.C., 1994).

Consequently, "leave to amend is to be granted absent bad faith, dilatory motive, undue delay ... or prejudice on the non-moving party." *American Registry of Pathology v. Ohiio Cas. Ins. Co.* (J. Collyer), 401 F.Supp.2d 75, 77 (D.D.C., 2005). The only other time a motion to amend should be denied is when "the amendment would be futile because the proposed claim would not survive a motion to dismiss." *Nextel Spectrum Acquisition Corp. v. Hispanic Information and Telecommunications Network, Inc*. (J. Collyer), 571 F.Supp.2d at 62 (D.D.C., 2008.). None of these situations are present here as Plaintiffs have taken great pains to amend their complaint to address the alleged deficiencies raised by Defendants in their motions.

Plaintiffs originally filed an eleven count complaint, eight brought under federal law and three brought under state law. Both Defendants have filed motions to dismiss the complaint in its entirety and Plaintiffs wish to exercise their right under Rule 15(a) to amend their complaint in order to cure any alleged "defects" in their complaint. Plaintiffs' amended complaint does not add any new claims yet it does add two additional Plaintiffs. This is acceptable under Rule 15. See: *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 (D.D.C., 1994).

Defendants have not yet filed an Answer. The Court has not issued a case management schedule. The administrative record is not yet complete as Plaintiffs anticipate supplementing the record filed by Defendant USDA. The case is in its early stages. Defendants will not be prejudiced if a First Amended Complaint is filed. If

3

Plaintiffs are granted leave to file their First Amended Complaint both of Defendants' pending motions should be rendered moot.  See: *McAlister v. Potter* (J. Collyer), 570 F.Supp.2d 24, fn.3 (D.D.C., 2008); *Amos v. The District of Columbia* (J. Collyer), Not Reported in F.Supp.2d, 2008 WL 5227177, (D.D.C., 2008); *Catholic Cemeteries of Archdiocese of Washington, Inc. v. Nordlinger Inv. Corp*. (J. Collyer), Not Reported in F.Supp.2d, 2005 WL 525415, fn.#2, (D.D.C., 2005.).  Consequently, leave to amend should be freely granted.

Conclusion

Plaintiffs should not be punished for the neglect of their Counsel. Rule 15(a) provides for amendments as a matter of right before a responsive pleading has been filed, Plaintiff's proposed amended complaint addresses all of the alleged "deficiencies" argued in Defendants' motions, and Plaintiffs' conduct does not amount to undue delay, bad faith, or prejudice to Defendants.  Consequently, the instant motion for leave to amend is well taken and should be granted.

Dated:	January 7, 2009	Respectfully submitted,


/s/ David G. Cox
David G. Cox (D.C. Bar No. OH 0020)
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Counsel for Plaintiffs

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2009, I electronically filed PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

/s/ David G. Cox
David G. Cox