UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FARM-TO-CONSUMER DEFENSE FUND et al.,** ) | |
| Plaintiffs, ) | |
| ) | No. 08-CV-1546-RMC |
| v. ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE and MICHIGAN DEPARTMENT OF AGRICULTURE,** ) | |
| Defendants. ) | |

### USDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant the United States Department of Agriculture (USDA) hereby opposes Plaintiffs' Motion for Leave to File First Amended Complaint [Docket No. 20], on the grounds that plaintiffs' conduct violates the Court's prior order and Rule 7(b) of the Local Rules for the District of Columbia, and that the Proposed Complaint not only contravenes Rules 8(a), 8(d)(1), 10(b), 12(e), and 12(f) of the Federal Rules of Civil Procedure, but also fails to cure the deficiencies raised by the USDA's pending Motion to Dismiss the Complaint.

**Prior Proceedings**

On September 8, 2008, plaintiffs docketed and filed the Complaint against the Michigan Department of Agriculture (MDA) and the USDA [Docket No. 1]. The Complaint is 69 pages long and contains 314 paragraphs. On November 12, 2008, the USDA filed a Motion to Dismiss the Complaint, a supporting memorandum, and two agency declarations [Docket No. 12], asserting that the Court lacks jurisdiction over plaintiffs' claims against the USDA, and that

plaintiffs fail to state claims against the USDA upon which relief can be granted.[1] On November 17, 2008, the MDA filed a Motion to Dismiss, a supporting memorandum, and an agency declaration with respect to the claims against the MDA [Docket No 13].

On November 19, 2008, with defendants' consent, plaintiffs filed a Motion for Extension of Time [Docket No. 14], seeking an extension to January 2, 2009, "to file their Opposition[s]" to Defendants' Motions to Dismiss the Complaint. The Court granted the requested extension by minute order dated November 21, 2008, stating: "Plaintiffs shall file their opposition[s]" to Defendants' Motions to Dismiss "no later than January 2, 2009."

Contrary to plaintiffs' representation and in violation of the Court's minute order, plaintiffs did not file oppositions to the Motions to Dismiss, nor did they seek a further extension of time to file such oppositions. Instead, on January 10, 2009, plaintiffs filed a "Motion for Leave to File First Amended Complaint," along with a supporting memorandum and a "Proposed First Amended Complaint" [Docket No. 20]. The Proposed Complaint is 91 pages long and contains 426 paragraphs. Because it includes many allegations relating to transactions or events that occurred after the date of the initial Complaint, see id. ¶¶ 58-71, 101-112, the pleading should be deemed a Proposed Amended and Supplemental Complaint. See Fed. R. Civ. P. 15(d).

---

[1] The USDA subsequently filed the Administrative Record. See Docket No. 16.

# ARGUMENT

## I. PLAINTIFFS VIOLATED THE COURT ORDER BY FAILING TO FILE OPPOSITIONS TO THE PENDING MOTIONS TO DISMISS THE COMPLAINT

Contrary to plaintiffs' assertion, see Plaintiffs' Memorandum (Pl. Memo.) [Docket No. 20-4] at 1-2, the relevant issues here are not whether the pending Motions to Dismiss constitute responsive pleadings, or whether plaintiffs could have sought additional time to respond to these motions. Instead, the first issue is whether the Court should deny the Motion for Leave because plaintiffs, having sought and obtained an extension of time to file "*oppositions*" to the Motions to Dismiss by January 2, 2009, see Docket No. 14 and Nov. 21, 2008 minute order (emphasis added), were required to file such oppositions by that date. Although plaintiffs expressly represented to the Court on November 19, 2008, that they would file oppositions to the Motions to Dismiss by January 2, 2009, it is now apparent that they have instead been directing their efforts at drafting the Proposed Amended and Supplemental Complaint, without first seeking leave to file such a document or, indeed, even mentioning their plans to the Court.

Although plaintiffs' counsel now asserts that he "inadvertently read" the minute order to grant an extension of time to January 12, 2009, and counsel "pleads excusable neglect," see Pl. Memo. at 2, the inescapable fact is that the Court granted the specific extension sought by plaintiffs, tracking the precise language in plaintiffs' proposed order, and thereby obligating plaintiffs to file *oppositions* to the pending Motions to Dismiss by January 2, 2009. See Docket No. 14. In addition, it would be unreasonable for plaintiffs to have assumed that the Court granted them ten more days to file such oppositions than they sought in the Motion for Leave and in the proposed order they submitted. Because plaintiffs did not file oppositions to the pending Motions to Dismiss, they violated the Court Order of November 21, 2008, and the Court

3

should deny the Motion for Leave.[2] Under Rule 7(b) of the Local Rules for the District of Columbia, if an opposition to the motion "is not filed within the prescribed time, the Court may treat the motion as conceded." L.R. 7(b).

## II. THE PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE

The second issue is whether the Court should deny the Motion for Leave because the Proposed Complaint [Docket No. 20-2] fails to comply with Rule 8(a), Rule 8(D)(1), Rule 10(b), Rule 12(e), and Rule 12(f) of the Federal Rules of Civil Procedure. The Proposed Amended and Supplemental Complaint, which is 91 pages long and contains 426 paragraphs, fails to comply with Rules 8(a), 8(d)(1), and 12(f) of the Federal Rules because the pleading does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), each allegation is not "simple and direct, Fed. R. Civ. P. 8(d)(1), and the pleading contains "redundant" or "immaterial matter," Fed. R. Civ. P. 12(f). See Ciralsky v. CIA, 355 F.3d 661, 664-65, 668-69 (D.D.C. 2004); Howard v. Gutierrez, 571 F. Supp. 2d 145, 150 (D.D.C. 2008); Banks v. Gonzales, 496 F. Supp. 2d 146, 149 (D.D.C. 2007).

In Ciralski, the D.C. Circuit affirmed the dismissal of the case where the initial complaint was 119 pages long and contained 367 numbered paragraphs, and, after the district court provided the plaintiff with additional time to "'eliminate[ ]' the 'excess'" and to file an amended complaint that conformed with Rule 8(a), the amended complaint was 61 pages long and contained 105 paragraphs. 355 F.3d at 669. In granting the defendants' motion to strike the initial complaint, the district court found that the pleading was "'neither short nor plain,' but

---

[2] Rule 41(b) permits a court to dismiss an action because of the plaintiff's failure to comply with the Federal Rules or an order of the court. Fed. R. Civ. P. 41(b); see also Ciralsky v. CIA, 355 F.3d 661, 669 (D.D.C. 2004).

4

rather a 'repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'" Id. In dismissing the amended complaint, the district court found that it was "still prolix and burdened with a bloated mass of unnecessary detail."

The same flaws apply to the Proposed Complaint here. As the D.C. Circuit noted in Ciralski, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id., 355 F.3d at 669 (citations omitted). To make matters worse, plaintiffs, rather than attempting to "eliminate the excess" in the initial Complaint [Docket No. 1], added 20 pages and 100 paragraphs, further lengthening the pleading and increasing the number and extent of defects. The Proposed Amended and Supplemental Complaint contains a confusing, disorganized and repetitive welter of factual allegations, evidentiary contentions, conclusory assertions, policy positions, and legal argument. For example, at least 18 paragraphs are incomplete on their face, consisting solely of a few lines of text that abruptly trail off in mid-sentence at the end of the page without continuing on the next page or completing any thought. See Proposed Comp. ¶¶ 12, 65, 80, 92, 113, 117, 126, 148, 160, 203, 237, 242, 261, 273, 286, 319, 359, 374. By including such sentence fragments and thereby precluding any response, plaintiffs not only violate Rules 8(a) and 8(d)(1), but also contravene Rule 10(b) (a party must state its claims in numbered paragraphs) and Rule 12(e) (allowing a party to file a motion for more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response"). For these reasons, the Court should deny the Motion for Leave.

### III. THE PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT DOES NOT CURE THE DEFECTS IN THE INITIAL COMPLAINT

The third and final issue is whether the Court should deny Plaintiffs' Motion for Leave because the Proposed Complaint fails to cure the numerous deficiencies identified in the USDA's Motion to Dismiss the Complaint. Although plaintiffs assert that they "have taken great pains to amend their complaint to address the alleged deficiencies raised by Defendants in their motions," see Pl. Memo. at 3, plaintiffs do not even attempt to explain the manner in which they have cured any such deficiencies, and a review of the pleading shows that their efforts have notably failed.

The additional 20 pages and 100 paragraphs in the Proposed Complaint do not cure any of the jurisdictional defects that are raised by the USDA's Motion to Dismiss [Docket No. 12], and the Proposed Complaint fails to state claims against the USDA upon which relief can be granted. Plaintiffs concede that the Proposed Complaint "does not add any new claims" to the initial Complaint. See Pl. Memo. at 3. Although two additional farmers were added as plaintiffs, they join in the same claims as the other plaintiffs, without asserting any different or additional claims. To the extent that the Proposed Complaint contains additional paragraphs relating to events that occurred after the date of the initial Complaint, see, e.g., Proposed Comp. [Docket No. 20-2] ¶¶ 58-71, 101-112 (regarding events in September of 2008), these supplemental allegations do not cure the defects in plaintiffs' claims, which are largely based on prior events, such as the order issued by the MDA in February 2007 in the Federal-State Tuberculosis Program regarding the use of RFID tags on cattle moved from one premises to another in Michigan, see, e.g., id. ¶ 168; and the rules and other documents issued by the USDA between 2004 and 2007 in connection with the development of the National Animal

Identification System (NAIS).  See, e.g., 72 Fed. Reg. 39301 (July 18, 2007); Proposed Comp. ¶ 55.  Given that one of the two new plaintiffs (Dan Nolt) raises livestock in Pennsylvania, see Proposed Comp. ¶¶ 8, 192, plaintiffs have not provided any basis for him to challenge rules issued by the MDA in the Tuberculosis Program.

While leave to amend "shall be freely granted when justice so requires," see Fed. R. Civ. P. 15(a), "a district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss."  Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004) (citation omitted) (affirming denial of request for leave to file an amended complaint because it did not "supply the missing elements of plaintiffs' standing").  Given that both the USDA's Motion to Dismiss and the MDA's Motion to Dismiss are pending, plaintiffs' failure to cure the deficiencies of the initial Complaint "evidences a dilatory motive; that is, conduct designed to avoid decision" on the Motions to Dismiss.  See Hall v. United Technologies, Corp., 872 F. Supp. 1094, 1102 (D. Conn. 1995).

Nor do the conclusory assertions and legal argument contained in the Proposed Complaint suffice to cure the defects in the initial Complaint.  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); (the court should disregard legal conclusions cast as factual allegations or inferences unsupported by the factual allegations); Nat'l Treas. Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (same); Renal Physicians Ass'n v. HHS, 489 F.3d 1267, 1278 (D.C. Cir. 2007) ("a bald allegation of standing is not enough to survive even a motion to dismiss where neither the factual allegations nor their logic establish redressability") (citation omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, [or] a formulaic recitation of the

elements of a cause of action . . . .'" Fraternal Order of Police, D.C. Lodge 1 v. Gates, 562 F. Supp. 2d 7, 11 (D.D.C. 2008) (quoting Bell Atlantic, 127 S. Ct. at 1964-65)).

## CONCLUSION

Wherefore, the USDA requests that the Court deny Plaintiffs' Request for Leave.

Dated: January 13, 2009

Respectfully Submitted:

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov