BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Farm-to-Consumer : | |
| Legal Defense Fund, et al. : | Case No. 1:08-cv-01546-RMC |
| : | |
| Plaintiffs : | Judge Rosemary M. Collyer |
| : | |
| v. : | |
| : | |
| U.S. Department of Agriculture, et al. : | |
| : | |
| Defendants : | |

**PLAINTIFFS' REPLY TO DEFENDANT USDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

As an initial matter, Defendant USDA argues in opposition that the amended complaint should be construed as a "supplemental" complaint because it refers to matters that have occurred after the filing of the initial complaint. That argument lacks merit for "where the contents of the proposed pleadings are continuations of those things originally alleged, the court believes that an amended, rather than a supplemental, complaint is proper." *U.S. v. International Business Machines Corp*., 66 F.R.D. 223, 229 (S.D.N.Y., 1975). In addition, the purpose of a supplemental pleading is to "bring into the record new facts which will enlarge or change the kind of relief to which a plaintiff is entitled." See *Popovitch v. Kasperlik*, 76 F.Supp. 233, 238 (D.C.PA., 1947). See also: *Southern Pac. Co. v. Conway*, 115 F.2d 746, 750 (C.A.9, 1940). In any event, the standard for granting leave to amend is the same as leave to supplement. See: *Micron Technology, Inc. v. Rambus Inc*., 409 F.Supp.2d 552, 558 (D.Del., 2006) ("The standard under Rule 15(d) is 'essentially the same' as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice."

In this case, Plaintiffs' initial complaint describes the several actions that USDA has taken in violation of federal law. In their amended complaint, Plaintiffs allege additional actions taken by USDA after the date the initial complaint was filed, i.e., the September and December 2008 Veterinary Services memoranda, to demonstrate that USDA's illegal activities are ongoing and are continuing. Moreover, Plaintiffs' amended complaint does not seek to "enlarge" either the scope of relief or the types of claims they bring. Indeed, both the number and type of claims as well as the relief requested are the same and have not changed. Therefore, Plaintiffs' amended complaint should be construed as an amendment and not as a supplemental pleading.

With respect to the substance of Defendant USDA's opposition, USDA makes three arguments in opposition to Plaintiffs' motion for leave to file an amended complaint. These arguments will be addressed sequentially.

I. <u>Plaintiffs can seek leave to file an amended complaint.</u>

USDA first argues that Plaintiffs must file an opposition to USDA's motion to dismiss because Plaintiffs allegedly have been directing their efforts at an amended complaint without having first sought leave to file such a document. That is incorrect on both counts.

As to the first prong of this argument, a motion to dismiss does not constitute a "responsive pleading" according to the case law of this Court and the D.C. Circuit Court of Appeals and thus Plaintiffs can amend their complaint once as a matter of right without leave of court. See: *James V. Hurson Associates, Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000); *Confederate Memorial Ass'n. Inc. v. Hines*, 995 F.2d 295, 296 (D.C. Cir. 1993); *Davis v. U.S.* (J. Collyer), Not Reported in F.Supp.2d, 2006 WL

2687018, fn. #1, (D.D.C., 2006).  As to the second prong of this argument, Plaintiffs *did* seek leave of court to file their amended complaint when they missed the January 2, 2009 filing deadline imposed by the Court due to the neglect of their counsel.

Although Plaintiffs originally sought an unopposed extension to file an opposition to USDA's motion to dismiss, that extension does not negate Rule 15 or the cases interpreting that Rule that allow amendments once as a matter of course.  Under these circumstances, the only reason that the Court would fail to grant leave is if it deemed the amendment futile.  Further, because this case is in its infancy, no responsive pleading has been filed, no case management schedule has been issued, and USDA will not be harmed by an amended complaint, leave to grant Plaintiffs' motion would be "freely given" at this stage even if responsive pleadings had been filed.  See: Fed.R.Civ.P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (U.S. 1962) ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'").  See also: *Nextel Spectrum Acquisition Corp. v. Hispanic Information and Telecommunications Network, Inc*. (J. Collyer), 571 F.Supp.2d 59, 62 (D.D.C. 2008).

Consequently, Plaintiffs' instant motion for leave should be granted.

II.  <u>Plaintiffs' amended complaint does not violate the Federal Rules.</u>

USDA next argues in its opposition that Plaintiffs' amended complaint does not contain a short and plain statement of the facts or claims, it contains redundant or immaterial material, and some of its paragraphs contain sentence fragments.  Plaintiffs

3

deny these first two allegations and will address each of them below while the third was due to a technical error that has been addressed.

Plaintiffs admit that their complaint is long and contains many factual averments. However, that is because USDA and Defendant Michigan Department of Agriculture ("MDA") have taken over 27 separate actions over the course of the last four years in developing a national program that contravenes state and federal law.[1] Each of these separate actions needs to be identified and described in the complaint, portions of documents generated by them need to be quoted to place each action in their proper context, and their legal consequences or effects need to be described. Consequently, these 27 different actions alone required well over 100 paragraphs in the amended complaint.

In addition to the factual allegations that Plaintiffs needed to make, Plaintiffs needed to plead the law to support their eleven different claims. Each claim requires a recitation of the applicable law(s), an identification of the actions in violation of that/those particular law(s), and a concluding paragraph upon which relief is based. The claims themselves, therefore, require a substantial number of paragraphs.

USDA argued in its motion to dismiss that Plaintiffs' claims were legally deficient because Plaintiffs were challenging NAIS as a whole, that Plaintiffs failed to plead any difference between legislative rules and interpretive rules, and that USDA

---

[1] For example, USDA has at a minimum issued two proposed rules, one final rule, one interim rule, three federal register notices, one program review and eight program documents, sixteen actions in all. MDA has at a minimum issued two administrative orders, two administrative letters, and submitted four program requests to USDA, a total of eight additional. Further, USDA and MDA have entered into at least three Memoranda of Understanding, for a combined total of 27 different actions.

cannot be held liable for the actions of MDA. Plaintiffs' amended complaint addresses all of these issues by (1) itemizing each of the actions that violate applicable law, (2) providing the legal basis that some of USDA's actions constitute legislative rules, and (3) describing how both USDA and MDA have taken their actions under applicable federal law, i.e., the Animal Health Protection Act, to make the NAIS program requirements mandatory. Thus, the amended complaint includes additional paragraphs to address these alleged deficiencies raised by USDA's motion to dismiss.

USDA also argued in its motion to dismiss that Plaintiffs failed to allege the requisite elements necessary to establish standing to assert a claim. Plaintiffs' amended complaint thus includes additional factual allegations to address this alleged deficiency, which accounts for another group of allegations that are not in the original complaint. Had USDA not argued lack of standing these additional paragraphs would not have been included in the amended complaint.

Thus, while Plaintiffs' amended complaint contains many additional paragraphs and is not a short complaint, all of the paragraphs are plain and simple. Moreover, USDA fails to specify which paragraphs are excessive, bloated or prolix, and Plaintiffs deny that any of their paragraphs can be categorized as such.

The cases cited by USDA in its opposition are not on point and can be distinguished from the instant case. For example, in *Ciralsky v. CIA*, 355 F.3d 661 (D.D.C. 2004), the defendant moved to strike the plaintiff's complaint, arguing that it was not short and plain. The trial court ordered the plaintiff to file an amended complaint that was short and plain yet the plaintiff instead filed the same basic complaint except for formatting changes. The trial court, on a motion to dismiss filed by defendant, dismissed

the case without prejudice and warned the plaintiff that if another complaint was filed under Rule 59 that was not short and plain, the complaint would be dismissed with prejudice. In this case, no such motion to strike has been filed by USDA and no Order to file an amended complaint that is shorter and plainer has been issued by this Court. Moreover, the court in *Ciralsky* noted its "jurisprudential preference [is] for adjudication of cases on their merits rather than on the basis of formalities." *Id*. at 674 (citation omitted). Thus, *Ciralsky* is not on point.

In the case of *Howard v. Gutierrez*, 571 F. Supp. 2d 145, 150 (D.D.C. 2008), the complaint was not even challenged for not being short and plain. Instead, the court in *Gutierrez* discussed the standard of review for surviving a Rule 12(b)(6) motion to dismiss and whether plaintiffs in that case had exhausted their administrative remedies. In *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007), the complaint for *habeas corpus* was filed by a *pro se* litigant and was written "in garbled fashion" such that it failed to "articulate a comprehensible legal or factual basis for relief. . . ." Thus, it was dismissed. Consequently, *Banks* is also not on point.

USDA next argues in its opposition that Plaintiffs' complaint contains redundant and immaterial paragraphs. However, USDA does not specify what that redundant or immaterial matter is; USDA simply makes the unsupported accusation. Plaintiffs have pled only that which is necessary to present a claim for relief. The fact that Defendants have taken so many actions over the years, or that federal and state laws on the subject matter of the complaint are complex in and of themselves and in their interrelationships with one another should not be attributed to Plaintiffs.

USDA concludes this portion of its argument by stating that some of the paragraphs in Plaintiffs' amended complaint "abruptly trail off in midsentence." Unfortunately, that is true. The PDF version of the complaint that was filed with the Court was converted from a MS word document. That MS word document is complete, has no partial sentences, and a copy of that MS word document has been emailed to lead counsel for both USDA and MDA.

However, it appears that the Adobe Acrobat 9 Standard program that was used to convert the MS word document into PDF format did so in an incomplete manner and created sentence fragments. A corrected copy of the First Amended Complaint is attached hereto as Exhibit A. With this complete copy of the First Amended Complaint, the missing sentence fragments have been restored and these earlier ministerial errors should not serve as a substantive basis to deny Plaintiffs' instant motion for leave to amend.

Consequently, Plaintiffs' instant motion for leave should be granted.

III.    The First Amended Complaint cures the alleged defects in the original complaint.

USDA makes several statements in its opposition about whether or not the amended complaint cures any alleged defects, yet all of the statements it makes are unsupported and are without any analysis. For example, USDA makes the following bald statements in their opposition:

- "the Proposed Complaint fails to cure the numerous deficiencies" (pg. 6);

- "plaintiffs do not even attempt to explain the manner in which they have cured any such deficiencies" (pg. 6);

- "The additional 20 pages and 100 paragraphs in the Proposed Complaint do not cure any of the jurisdictional defects" (pg. 6);

- "the Proposed Complaint fails to state claims against the USDA upon which relief can be granted" (pg. 6);

- "these supplemental allegations do not cure the defects in plaintiffs' claims" (pg. 6);

- "Nor do the conclusory assertions and legal argument contained in the Proposed Complaint suffice to cure the defects in the initial Complaint" (pg. 7).

None of these statements are supported by any analysis; they are merely statements. USDA then proceeds on pages 7 and 8 of its opposition to quote portions of cases without explaining their import or applying them to the facts of this case. USDA's argument then abruptly ends.

In reply, Plaintiffs have no duty under the federal rules to "explain" how their amended complaint cures any alleged deficiencies. That is for USDA to decide in whether it will file an answer or it again moves to dismiss.

Moreover, according to *Howard v. Gutierrez*, 571 F. Supp. 2d 145 (D.D.C. 2008) which is cited by USDA, "All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id*. at 15, (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). That is what Plaintiffs' amended complaint provides, a concise and plain statement of the case that puts USDA on notice as to the claims presented by Plaintiffs.

With respect to new Plaintiff Dan Nolt, Plaintiffs do not assert that his addition addresses any defects. Rather, he has joined the suit because he is a member of the Legal

Defense Fund who shares many of the same claims against the USDA, and the USDA's actions with respect to Mr. Nolt further illustrate the original claims. A party may be added via an amendment. See *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 (D.D.C., 1994).

      Mr. Nolt is a resident of the State of Pennsylvania. As alleged in the amended complaint Mr. Nolt has had his premises registered against his will by USDA and the Pennsylvania Department of Agriculture. This registration by USDA (the PIN referenced in the complaint) is a violation of federal law, violates Mr. Nolt's religious freedoms, and is without any authority under any federal law. Mr. Nolt alleges that issuance of a PIN cannot be done under the Animal Health Protection Act, was done in contravention of the Administrative Procedure Act, and is in violation of other federal law as alleged in the amended complaint. For the same reasons the other Michigan Plaintiffs have standing to sue the USDA (see paragraphs 5, 8, 17, 31-32, 35-38, 211-212 and 217-219), Plaintiff Nolt has standing to sue USDA.

IV.    Conclusion

      For these reasons, Plaintiffs' instant motion for leave to amend their complaint should be granted.

Dated:      January 16, 2009      Respectfully submitted,

      /s/ David G. Cox
      David G. Cox (D.C. Bar No. OH 0020)
      4240 Kendale Road
      Columbus, OH 43220
      dcoxlaw@columbus.rr.com
      Phone: 614-457-5167
      Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2009, I electronically filed PLAINTIFFS' REPLY TO DEFENDANT USDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

/s/ David G. Cox
David G. Cox