BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Farm to Consumer Legal Defense Fund, et al.<br><br>　　　　Plaintiffs,<br><br>v<br><br>U.S. Department of Agriculture<br><br>and<br><br>Michigan Department of Agriculture<br>Director Don Koivisto<br><br>　　　　Defendants. | Case No. 1:08-cv-01546-RMC<br>Honorable Rosemary M. Collyer |

**MICHIGAN DEPARTMENT OF AGRICULTURE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant Michigan Department of Agriculture (MDA) opposes Plaintiffs' Motion for Leave to File First Amended Complaint for the reasons set forth by the United States Department of Agriculture (USDA) in its opposition filed with this Court on January 13, 2009, and hereby adopts those reasons as its own. The MDA offers the following additional comments in opposition to Plaintiffs' motion to amend their complaint.

**ARGUMENT**

**I.　Plaintiffs' motion should be denied because they have acted in bad faith and violated a court order that they had specifically requested**

On September 8, 2008, Plaintiffs filed a massive 69-page, 314-paragraph, 11-count complaint against the USDA and the MDA. Defendants USDA and MDA have timely filed relatively extensive motions, accompanying memoranda, and declarations requesting this Court to dismiss Plaintiffs' complaint in its entirety.

Upon the USDA's and MDA's motions being filed in mid-November, counsel for Plaintiffs contacted counsel for the Defendants asking for an extension of time to January 2, 2009, specifically for the purpose of filing opposition to those motions. Counsel for Defendants informed Plaintiffs' counsel that they did not object and the Plaintiffs then filed their motion with this Court for the extension of time to January 2, 2009. The motion explicitly requested additional time for the filing of their "opposition" to the motions. At no time did counsel for Plaintiffs request of counsel for the MDA an extension of time to allow it to file an amended complaint, or for additional time to consider the filing of an amended complaint as an alternative to the filing of an opposition to the motions to dismiss.

This Court granted that motion, and established January 2, 2009 as the deadline for the filing of the opposition to the motions. No pleading other than the oppositions to the motions was authorized.

Plaintiffs failed to file their opposition to the motions on January 2, 2009, the date requested by the Plaintiffs in their motion and the date established by the Court's minute order. They have not sought a further extension of the due date from the Court for the filing of their opposition. Instead of filing their opposition to the motions, Plaintiffs have moved for leave to amend their complaint. The proposed amended complaint that accompanied their motion is now 91 pages and 426 paragraphs. Based on the many additional factual assertions made in the proposed amended complaint, and the fact that Plaintiffs have not sought another extension of the due date for their opposition to the motions, it appears that the Plaintiffs never intended to file any opposition to their motions as they had represented of the Court and of the Defendants' counsel, but intended to draft an amended complaint.

Leave to amend a complaint is to be "freely given when justice so requires." *Caribbean Broad. Sys., Ltd. v Cable & Wireless P.L.C.*[1] But it is not an abuse of discretion for a court to deny leave where sufficient reason exists, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments.[2]

Justice does not require leave to be granted here. Plaintiffs' motion for leave to file an amended complaint has been brought in bad faith and with dilatory motive as they had no intention of complying with the order they had obtained from this Court. The motion is merely a means of not addressing the insufficiency of the claims brought by the Plaintiffs in their original complaint. The motion should be denied

## II.     Amendment of the complaint would be futile in light of the motions

There are no new counts against either the USDA or the MDA in the proposed amended complaint. None of the newly alleged facts in the proposed amended complaint support Plaintiffs' claims against the MDA that it is illegally implementing the USDA's National Animal Identification System. The amended complaint recites new facts relating to USDA. A new plaintiff from Pennsylvania is added to the complaint, but with no allegation that he has been harmed by actions of the MDA. A new Michigan plaintiff is introduced, but with no new allegations of harm peculiar to him only.

The MDA's motion to dismiss and supporting documentation sets forth how it is acting lawfully under state law, and under state law only, in requiring NAIS-compatible electronic animal identification devices for cattle only in conjunction with its effort to eradicate bovine tuberculosis. Michigan's Animal Industry Act (AIA) explicitly authorizes the MDA to establish

---

[1] *Caribbean Broad. Sys., Ltd. v Cable & Wireless P.L.C.*, 331 U.S. App. D.C. 226, 148 F.3d 1080, 1083 (D.C. Cir. 1998).
[2] *Id*, at 1083-1084.

means of identification of cattle,[3] including by "electronic" devices.[4] Identifying animals, the premises they originate from, and their movement are fundamental elements of any state's animal disease control effort and are authorized in the AIA.[5] The motion explains that NAIS-compatible identification is used in that disease eradication effort, but that the MDA is not implementing the NAIS program. The motion goes to great extent to dispel the "facts" that the Plaintiffs spun to concoct what they claim to be the MDA's implementation of NAIS. None of the additional allegations found in the amended complaint are material to the claims against the MDA and none of the additional allegations "cure" the deficiencies that the MDA has brought to this Court's attention in its motion to dismiss. And to the extent the Plaintiffs thought the newly alleged facts material, they could have been brought forth in their opposition to the motions, just as Defendants had brought forth factual information in declarations that accompanied their oppositions to the motions to dismiss.

As noted in *Caribbean Broad System, Ltd.*, the futility of a proposed amendment to a complaint serves as a basis to deny the amendment, which would otherwise be freely granted.[6] The added facts do not overcome the defenses raised by the MDA. They are merely overly-burdensome iterations of the same basic facts previously alleged and responded to by the motions. The motion for leave to amend should be denied based on the futility of the proposed amendments.

---

[3] MCL 287.711b(1).
[4] MCL 287.706(2).
[5] MCL 287.708; MCL 287.709(8).
[6] *Caribbean Broad Sys., Ltd.,* at 1083-1084.

### III. Plaintiffs' amended complaint is defective and not in compliance with the court rules

The USDA has fully explained its concerns about the amended complaint in its response in opposition to the Plaintiffs' motion for leave to file an amended complaint. The MDA has similar concerns. As to the incomplete fragments of paragraphs found throughout Plaintiffs' amended complaint, Plaintiffs' counsel informed Defendants' counsel upon reading the USDA's opposition to the motion for leave to amend that he intends to cure this mistake by completing those paragraphs and attaching that revised document to a reply to the USDA's and MDA's opposition to the motion for leave to amend, thereby generating an even more voluminous and unwieldy document, rather than the "short and plain" and "simple, concise and direct" pleading called for by the Federal Rules of Civil Procedure.[7]  Further, the manner in which Plaintiffs seek to substitute this revised version of their amended complaint for the previously filed version as an attachment to their reply leaves defendants with a moving target in opposing Plaintiffs' motion for leave to amend. This is one more reason why the Court should deny that motion.

---

[7] Fed. R. Civ. P. 8(a) and 8(d)(1).

## CONCLUSION

WHEREFORE, the MDA requests that the Court deny Plaintiffs request to amend their complaint for the reasons stated by the USDA and the reasons stated above.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ James E. Riley*
James E. Riley (P23992)
First Assistant
rileyje@michigan.gov
.
*/s/ Danielle Allison-Yokom*
Danielle Allison-Yokom (P70950)
Assistant Attorney General
allisonyokomd@michigan.gov

Attorneys for Defendant Don Koivisto,
Michigan Department of Agriculture

Environment, Natural Resources,
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Dated: January 16, 2009    (517) 373-7540
lf:farm to consumer defense/2008-3021908b/opposition to file amended complaint