BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Farm-to-Consumer | : | |
| Legal Defense Fund, et al. | : | Case No. 1:08-cv-01546-RMC |
| | : | |
| Plaintiffs | : | Judge Rosemary M. Collyer |
| | : | |
| v. | : | |
| | : | |
| U.S. Department of Agriculture, et al. | : | |
| | : | |
| Defendants | : | |

### PLAINTIFFS' REPLY TO DEFENDANT MDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendant Michigan Department of Agriculture ("MDA") argues in opposition to Plaintiffs' request for leave to file an amended complaint that Plaintiff has acted in "bad faith" and that their proposed amended complaint is futile and defective. As described below, these arguments lack merit. They will be dealt with separately.

I.     Plaintiffs have not acted in bad faith.

To begin, MDA has not filed a responsive pleading and thus Fed.R.Civ.P. 15(a) guarantees Plaintiffs an absolute right to file an amended complaint. See: *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282-283 (D.C. Cir. 2000) (Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss); *Evans v. Chase Manhattan Mortg. Corp.* (J. Collyer), Not Reported in F.Supp.2d, 2005 WL 555411, pg. 2, (D.D.C. 2005)[1] (Rule 15(a) guarantees "a plaintiff a right to amend a complaint once at any time before the defendant has filed a responsive

---

[1] Previously attached as Exhibit A to Plaintiffs' memorandum in support of motion for leave to amend.

pleading."). Thus, Plaintiffs did not need to "request of counsel for the MDA an extension of time to allow it to file an amended complaint, or for additional time to consider the filing of an amended complaint as an alternative to the filing of an opposition to the motions to dismiss" at MDA states on page 2 of its motion. Instead, Plaintiffs sought leave of Court to file an amended complaint for missing the filing deadline of January 2, 2009, and that is what Plaintiffs have done in this case.

In reply to MDA's substantive arguments, bad faith occurs in the following situations:

- when a party, after failing to prove one theory of liability, seeks to amend their action to prove another theory of liability. See: *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981);

- when a party has evidence proving a theory of liability yet fails to present that theory until much later in the trial. See: *Williams v. Savage*, 569 F.Supp.2d 99 (D.D.C. 2008);

- when a party delays for an inordinate amount of time before seeking leave to amend. See: *American Society For The Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 244 F.R.D. 49 (D.D.C. 2007);

- when the claims presented are frivolous. See: *Spano v. SAFECO Ins. Co. of America*, 215 F.R.D. 601 (D. OR. 2003).

MDA does not claim that any of these situations are present. For example, MDA does not claim that any of Plaintiffs' claims are frivolous, that they have been made untimely or after a protracted delay, or that Plaintiffs have changed their theories of liability.

2

Consequently, MDA's argument that Plaintiffs have acted in bad faith lacks merit.

MDA makes the unsupported allegation on page 2 of its opposition that "Plaintiffs never intended to file any opposition" to MDA's or USDA's motions to dismiss. That is simply not true. Counsel for Plaintiffs spent a significant amount of time researching both the law and the facts for the responses to the lengthy motions to dismiss. The results of that research, combined with the case law that clearly entitles Plaintiffs to file an amendment as a matter of right, ultimately led Plaintiffs to decide to file an amended complaint. Among other reasons, it seemed more efficient for the parties and the Court to focus its efforts on an amended complaint that addressed the alleged deficiencies raised by MDA and USDA rather than focusing on two separate motions to dismiss.

MDA also alleges that Plaintiffs' attempt to amend their complaint reflects a "dilatory motive" or a means of "not addressing the insufficiency of the claims" in the original complaint. Again, that is not true. Plaintiffs are not protracting this case in any way or ignoring MDA's and USDA's motions to dismiss but instead are focusing on the merits of the case.

As the cases in this District and Circuit Court of Appeals demonstrate, courts have a "strong presumption in favor of adjudications on the merits." See: *Shepherd v. American Broadcasting Companies, Inc*., 62 F.3d 1469, 1475 (D.C. Cir. 1995); *Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 9 (D.D.C. 2004) (The Civil Rules "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities."); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, Not Reported in F.Supp., 1988 WL 122568 at *2 (D.D.C., 1988) (""[i]t is too late in the day and entirely contrary to the spirit of the

Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.") (Attached hereto as Exhibit A.)  By seeking to amend their complaint in the manner described in Section II below, Plaintiffs have addressed the alleged deficiencies claimed by MDA and USDA in order to allow the Court to focus on substantive issues rather than technicalities.

Plaintiffs' amended complaint does not seek to raise any new theories of liability or new forms of relief, it does not present frivolous claims, and it is not being presented in a protracted or untimely manner.  Consequently, Plaintiffs cannot be accused of "bad faith" or possessing a "dilatory motive."

Therefore, Plaintiffs' motion for leave to amend should be granted.

II.     <u>Plaintiffs' amended complaint is not futile</u>.

MDA incorrectly asserts that none of "the additional allegations found in the amended complaint are material to the claims against the MDA and none of the additional allegations 'cure' the deficiencies" raised by MDA in its motion to dismiss. To the contrary, Plaintiffs have taken great pains to demonstrate how MDA's actions constitute the implementation of a federal program, the NAIS, in contravention of both state and federal law.

For example, Plaintiffs have explained in greater detail how MDA is implementing NAIS in Michigan under the auspices of the federal Animal Health Protection Act ("AHPA").  See, e.g., paragraphs number 117, 118, 142, 144, 164, 183, 186, 279-281, 298-300.  In addition, Plaintiffs have explained in greater detail how MDA's implementation of NAIS in Michigan constitutes an "ongoing violation of federal law" and thus deprives it of any protections under the Eleventh Amendment.  See, e.g.,

4

paragraphs number 288, 308 and 368. Finally, the individual Michigan Plaintiffs have explained how they have received documents from MDA explaining how NAIS will be implemented in Michigan, and how one of them, Robert Keyworth, has even had a Premises Identification Number ("PIN") issued for his property against his will by USDA and MDA. See, e.g., paragraphs number 26-34.

Consequently, Plaintiffs' amended complaint does materially address the claims against MDA and it does cure the alleged defects raised by MDA.

MDA also briefly argues in its opposition the merits of its motion to dismiss. Notably, MDA itself states on page 4 of its motion to dismiss that it "goes to great extent to dispel the 'facts' that the Plaintiffs" alleged. But a defendant is not entitled to argue the truth of the facts alleged in a motion to dismiss, and it is improper for MDA to oppose the motion for leave to amend simply because it disagrees with Plaintiffs' interpretation of the facts.

In this portion of its argument, MDA argues that these "newly alleged facts" should have been "brought forth in [Plaintiffs'] opposition to the motions" to dismiss. MDA fails to explain or support this claim. In addition, the Court's scheduling order does not prevent Plaintiffs from seeking to amend their complaint. Thus, the amendment of a complaint is proper and should be permitted.

For these reasons, Plaintiffs' instant motion for leave to amend should be granted.

III. <u>Plaintiffs' amended complaint is not defective</u>.

MDA's last argument is that the amended complaint filed by Plaintiffs on January 10, 2009 contains "incomplete fragments of paragraphs." This technical error has been corrected with the filing of a corrected copy of the amended complaint on January 16,

5

2009. Contrary to MDA's argument, the corrected copy is not "more voluminous" than the first one that was filed; it contains the same number of pages and paragraphs. As Plaintiffs indicated in their Reply to USDA's opposition, with the filing of this complete copy of the First Amended Complaint, the missing sentence fragments have been restored and these earlier ministerial errors should not serve as a substantive basis to deny Plaintiffs' instant motion for leave to amend.

IV.     Conclusion

Plaintiffs' amended complaint is not dilatory, does not raise new claims or theories of liability, and it not frivolous. Therefore, it has not been presented in bad faith.

Moreover, Plaintiffs' amended complaint contains additional paragraphs that describe in further detail how MDA is implementing NAIS in Michigan under the AHPA, and how such conduct constitutes an ongoing violation of federal law.

Finally, the amended complaint has restored any missing fragments.

For these reasons, Plaintiffs' instant motion for leave to amend is well taken and should be granted.

Dated:     January 20, 2009                    Respectfully submitted,

/s/ David G. Cox
David G. Cox (D.C. Bar No. OH 0020)
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2009, I electronically filed PLAINTIFFS' REPLY TO DEFENDANT MDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

    /s/ David G. Cox
    David G. Cox