UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FARM-TO-CONSUMER DEFENSE FUND et al.,** ) ) ) ) **Plaintiffs,** ) ) **v.** ) ) **UNITED STATES DEPARTMENT OF AGRICULTURE and MICHIGAN DEPARTMENT OF AGRICULTURE,** ) ) ) ) **Defendants.** ) ) | **No. 08-CV-1546-RMC** |

## USDA'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

The Administrative Record compiled by defendant the United States Department of Agriculture (USDA) in December 2008 contains more than 3,000 pages of documents. The USDA opposes Plaintiffs' Motion for Leave to File Supplement to the Administrative Record [Docket No. (#) 42], because plaintiffs improperly seek to "supplement" the Record with hundreds of pages of documents that were not before the agency at the time the decision at issue was made, including third-party documents such as affidavits and other documents created by plaintiffs, and documents that were created after the decision was made.

### Prior Proceedings

The case involves plaintiffs' challenges to the administration of two separate and distinct programs. First, plaintiffs challenge a State rule issued by defendant the Michigan Department of Agriculture (MDA) in March 2007 regarding the movement of cattle within Michigan. The MDA issued this rule, as well as a religious exemption to it, in connection with the Tuberculosis Program (TB Program), a cooperative Federal-State program that was established in 1917 to

control and eradicate bovine tuberculosis. Plaintiffs also object to the MDA's annual agreements with the USDA regarding the MDA's administration of the TB Program in Michigan.

Second, plaintiffs challenge a Federal rule issued by the USDA to develop aspects of the National Animal Identification System (NAIS), a voluntary, nationwide Federal-State-Industry initiative that is designed to trace animals associated with an incident of a livestock disease, and thereby promptly contain and eradicate the disease. The USDA issued an interim rule in November 2004, and a final rule in July 2007, amending its regulations to recognize the NAIS identification format as additional numbering systems for animals in interstate commerce and the premises where they are held. 69 Fed. Reg. 64644 (Nov. 8, 2004); 72 Fed. Reg. 39301 (July 18, 2007). Plaintiffs assert that the July 2007 final rule violates the notice-and-comment provisions of the Administrative Procedures Act (APA), 5 U.S.C. § 553, and exceeds the USDA's statutory authority. Plaintiffs also object to several guidance documents issued by the USDA to develop aspects of the NAIS.

The initial Complaint was docketed on September 8, 2008 [# 1]. The USDA filed a Motion to Dismiss the Complaint on November 12, 2008 [# 12], asserting that the Court lacks subject-matter jurisdiction over the case, and that plaintiffs fail to state claims upon which relief can be granted against the USDA. The MDA also filed a motion to dismiss the claims against it [# 13]. Although the USDA filed a motion challenging the Court's jurisdiction over the case, the USDA compiled and certified the Administrative Record for plaintiffs' APA claims. The Administrative Record, which was filed on December 12, 2008 [# 16], includes two parts. Because the July 2007 final rule is the only final agency action by the USDA at issue in the case, the first part of the Administrative Record compiled by the USDA (NAIS Record) consists of

documents regarding the USDA's issuance of the interim rule in November 2004, and of the final rule in July 2007, as well as related documents regarding the USDA's development of aspects of the NAIS system. The table of contents for these documents and the USDA's certification of this part of the Record are attached hereto as Exhibit A. Because plaintiffs also challenge the USDA's annual agreements with the MDA for the TB Program, the second part of the Administrative Record compiled by the USDA (TB Record) consists of the annual agreements and related documents regarding the USDA's review and approval of actions taken by the MDA to administer the TB Program in Michigan. The table of contents for these documents and the USDA's certification of this part of the Record are attached hereto as Exhibit B. In total, the Administrative Record contains more than 3,000 pages.

After the USDA and the MDA filed their respective Motions to Dismiss in November 2008, the Court granted plaintiffs' Motion for Leave to File a First Amended Complaint [#20] by order dated January 22, 2009 [# 25]. Although two additional farmers were added as plaintiffs, see Amended Complaint [# 27] ¶¶ 8, 9, 192, the Amended Complaint did not "add any new claims" against the MDA or the USDA, see Memorandum in Support of Plaintiffs' Motion for Leave [#20] at 3, and it did not "raise any new theories of liability or new forms of relief." See Plaintiffs' Reply Memorandum [# 24] at 4.

The USDA filed a Motion to Dismiss the Amended Complaint on February 5, 2009 [# 29], asserting that plaintiffs lack standing to assert claims against the USDA because they cannot establish that their alleged injuries are fairly traceable to actions taken by the USDA, and that such injuries are redressable by a court judgment against the USDA. The USDA also contends that, even if plaintiffs had standing, they fail to state claims against the USDA upon

which relief can be granted. Plaintiffs filed an Opposition on March 23, 2009 [# 35]. The USDA filed a Reply Memorandum on April 22, 2009 [# 38]. The MDA also filed a Motion to Dismiss the Amended Complaint. By a minute order dated April 29, 2009, the Court granted each party leave to file an additional brief limited to the issue of "whether the issuance of a PIN [premises identification number] is a USDA or state requirement."

On May 2, 2009, plaintiffs filed the Motion for Leave to File Supplement to the Administrative Record, seeking to add 164 documents to the Administrative Record. See Plaintiffs' Memorandum in Support of Motion for Leave to File Supplement (Pl. Memo.) [#42-2] at 1 & Ex. A (list of 164 documents) [# 42-3]. A few of the documents listed by plaintiffs are already included in the Administrative Record. See, e.g., Pl. Memo., Ex. A, items 1-4, 9, 108; cf. NAIS Record at 494-96, 1294-99; TB Record at 2150. As a result, there is no need to add such documents to the Record. The remainder of the documents listed by plaintiffs were not before the USDA at the time the decision at issue was made. Plaintiffs' list includes dozens of third-party documents, such as affidavits and other documents created by plaintiffs, letters and other documents generated by the MDA, and studies and analyses cited by plaintiffs. Plaintiffs' list also includes dozens of documents that were created after the USDA issued the July 2007 final rule.

# ARGUMENT

I.  **JUDICIAL REVIEW OF AN AGENCY DECISION UNDER THE APA IS CONFINED TO THE ADMINISTRATIVE RECORD COMPILED BY THE AGENCY, WHICH INCLUDES THE MATERIALS THAT WERE BEFORE THE AGENCY AT THE TIME THE DECISION WAS MADE.**

In cases brought against a Federal agency under the APA, the court's review is limited to the administrative record, which includes all materials compiled by the agency that were before the agency at the time the decision was made. 5 U.S.C. § 706; see James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996); Calloway v. Harvey, 590 F. Supp. 2d 29, 38 (D.D.C. 2008). The court may not include "some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); Ctr. For Auto Safety v. Fed. Highway Admin., 956 F.2d 309, 314. Allowing a court to review more than the information before the agency at the time of its decision would risk "requiring administrators to be prescient" or allowing a party "to take advantage of post hoc rationalizations." Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984); Fund for Animals v. Williams, 391 F. Supp. 2d 191, 196 (D.D.C. 2005). "Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President." Amfac Resorts, L.L.C. v. Dep't of Interior, 143 F. Supp. 2d 7, 11 (D.D.C. 2001); Maritel, Inc. v. Collins, 422 F. Supp. 2d 188, 195 n.4 (D.D.C. 2006).

In cases brought under the APA, there is a "standard presumption" that the agency properly designated the administrative record, and judicial review is ordinarily confined to that record. See Amfac Resorts, L.L.C. v. Dep't of Interior, 143 F. Supp. 2d 7, 11 (D.D.C. 2001); Calloway, 590 F. Supp. 2d at 37. Supplementation of the administrative record compiled by the

agency is the exception, not the rule.  Motor & Equip. Mfrs. Ass'n, Inc. v. EPA, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979); Calloway, 590 F. Supp. 2d at 37.  For a court to supplement the record, the moving party must rebut the presumption of administrative regularity and must show that the documents to be included were before the agency decisionmaker.  See Calloway, 590 F. Supp. 2d at 37; Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 6 (D.D.C. 2006).  As discussed below, plaintiffs fail to rebut that presumption, and they do make that required showing.

## II. PLAINTIFFS IMPROPERLY SEEK TO SUPPLEMENT THE ADMINISTRATIVE WITH DOCUMENTS THAT WERE NOT BEFORE THE USDA AT THE TIME IT MADE ITS DECISION.

Plaintiffs violate these principles by seeking to supplement the Record with documents that were not before the USDA at the time it issued the July 2007 final rule.

Plaintiffs acknowledge that, in actions involving a challenge to an administrative agency action, the administrative record "is usually filed by the agency," see Pl. Memo. at 1; that "the purpose of the record is to allow the reviewing court to judge the propriety of the agency's action," id.; and that "the record developed by the agency must be contemporaneous with its actions and cannot be *ad hoc*." Id. at 2.  Yet plaintiffs seek to supplement the Record with dozens of third-party documents that were not before the agency decisionmaker at the time the decision was made, including affidavits and other documents created by or on behalf of plaintiffs, see Pl. Mot., Ex. A [# 42-3], items 143-164; letters and other documents generated by the MDA, see items 106-115; and studies and analyses cited by plaintiffs.  See Items 120-142.  For example, plaintiffs seek to supplement the Record with "studies and information about the flaws with NAIS . . . and with other documents that are necessary to understand the myriad flaws

6

in the agencies' arguments in this case." See Pl. Memo. at 4. Plaintiffs contend that some such documents contain information regarding "the environmental impacts of NAIS, the lack of scientific basis for the program, and several other reasons why NAIS is not a rational method for addressing animal health nor will it achieve its alleged goals for traceback." Id. at 5.

The Court should deny plaintiffs' request to supplement the record with these third-party documents. See, e.g., Calloway, 590 F. Supp. 2d at 36, 37; Envtl. Def. Fund. v. Blum, 458 F. Supp. 650, 661 n.4 (D.D.C. 1978) (an agency may exclude arguably relevant information that is not contained in the agency's files but that may be available from third parties); Fund for Animals v. Williams, 391 F. Supp. 2d at 197 (same). In seeking to add such third-party documents to the Record, plaintiffs improperly seek "to take advantage of post hoc rationalizations." See Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d at 792; Fund for Animals v. Williams, 391 F. Supp. 2d at 196. Plaintiffs admit that a reviewing court should not grant a motion to supplement the administrative record except "with caution and in exceptional cases, when the record that is filed by the agency is deficient." See Pl. Memo. at 2 (quotation marks and citations omitted). Yet plaintiffs seek to supplement the Record compiled by the USDA without first establishing that it is deficient. There is no limit to the number of third-party documents that may relate to some aspect of the NAIS, as it continues to be developed. Plaintiffs are not entitled to supplement the Record with selected third-party documents.

In addition, although plaintiffs acknowledge that an administrative record should not include "documents that were generated after" the date of the agency action at issue, see Pl. Memo. at 3, plaintiffs seek to supplement the Record with numerous documents that were created after the USDA issued the July 2007 final rule, including affidavits and other documents

7

created by plaintiffs in 2008 and 2009, see Pl. Mot., Ex. A, items 143-164; documents published by the USDA in the Federal Register from December 2007 to January 2009, see items 10-18; and press releases and other documents issued by the USDA from August 2007 to April 2009. See items 21, 26, 27, 37, 38, 46-78.

For example, plaintiffs seek to supplement the record with dozens of documents that plaintiffs "presented" to the USDA as enclosures to three letters that plaintiffs sent to the USDA in 2008. See Pl. Memo. at 5. Plaintiffs state that these documents were enclosed with their "notices of intent to sue." Because these documents were not before the USDA decisionmaker at the time the July 2007 final rule was issued, the USDA was not required to include these documents in the Record, and the Court should deny plaintiffs' request to include them in the Record. See Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d at 792; Fund for Animals v. Williams, 391 F. Supp. 2d at 196. It does not matter that plaintiffs, who believe that these documents support their policy arguments, mailed these documents to the USDA shortly before filing suit. The Court should not allow plaintiffs, by adding such documents to the Record, "to take advantage of post hoc rationalizations." See Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d at 792; Fund for Animals v. Williams, 391 F. Supp. 2d at 196.

As the Court concluded in Calloway v. Harvey, plaintiffs here are requesting that the Court "consider evidence outside or in addition to the record that was before the agency," without demonstrating that any of the exceptions to the general prohibition against extra-record review apply, and without rebutting the presumption that the agency properly designated the administrative record. See Calloway, 590 F. Supp. 2d at 38. Plaintiffs fail to support their contention that the Record complied by the USDA is "selective and incomplete," see Pl. Memo.

8

at 1; that the Record "excludes many documents that are relevant to this Court's considerations comport with applicable law," id. at 3; or that the Record "needs to be supplemented." Id. at 4. The USDA's issuance of the July 2007 final rule is the only final agency action at issue, and other aspects of the NAIS involve thousands of other documents. Because the USDA has moved to dismiss the case on the basis that plaintiffs lack standing to assert their claims, the mere fact that plaintiffs have "challenged" various guidance documents issued by the USDA to develop aspects of the NAIS, see Pl. Memo. at 1, 3-4, does not warrant supplementation of the Record with respect to such guidance documents.

Finally, although plaintiffs assert that the Record complied by the USDA "includes documents that have nothing to do with its alleged formal agency actions," see Pl. Memo. at 4, and the Court is free to disregard any such documents in ruling on the USDA's Motion to Dismiss, regardless of whether plaintiffs' contention is correct, it is not a sufficient basis for them to expand the Record with documents that were not before the USDA decisionmaker when the July 2007 final rule was issued. For all of these reasons, the Court should reject Plaintiffs' Motion, which is an improper attempt to develop a "new record made initially in the reviewing court." See Camp v. Pitts, 411 U.S. at 142; Ctr. For Auto Safety v. FHA, 956 F.2d at 314.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion for leave to File Supplement to the Administrative Record.

Dated: May 7, 2009                    Respectfully Submitted:

                                                      MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov