BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Farm-to-Consumer Legal** | : | Case No. 1:08-cv-01546-RMC |
| **Defense Fund, et al.** | : | |
| | : | |
| Plaintiffs | : | Judge Rosemary M. Collyer |
| | : | |
| v. | : | |
| | : | |
| **U.S. Department of Agriculture, et al.** | : | |
| | : | |
| Defendants | : | |

## PLAINTIFFS' REPLY TO USDA'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

### INTRODUCTION

USDA's Opposition to Plaintiffs' Motion to Supplement the Administrative Record ("Opposition") relies on USDA's selective interpretation of the legal issues in this case and mirrors the skewed administrative record it has filed. For the following reasons, Plaintiffs' Motion to Supplement ("Supplement" or "motion") is well taken and it should be granted.

USDA's Opposition ignores the simple fact that more than two-thirds of the documents listed in Plaintiffs' motion are USDA's and/or MDA's <u>own documents</u>[1], are directly relevant to this case, and should have been included by the USDA in the first place. Further, the Opposition claims that it is inappropriate for Plaintiffs to include post 2007 documents because these documents were not available to the decision makers, in spite of the fact that the USDA itself includes a number of post 2007 documents. Finally

---

[1] The Supplement proposes the following government documents: Eighteen Federal Register Notices published by the USDA relating to NAIS; Eighty two USDA documents addressing the scope and implementation of NAIS, including working group reports, public presentations, and press releases; Eleven MDA documents relating to the implementation of the electronic tagging requirements; and Four Joint USDA/MDA documents.

the Opposition fails to recognize that it is entirely proper to include extra-record[2] documents in the record where procedural aspects of an agency's action are being challenged. For these reasons, Plaintiffs urge the Court to permit the Plaintiffs to supplement the record.

## LAW

Although an agency's record enjoys a presumption of regularity, it "does not always have the last word." *Fund for Animals v. Williams*, 245 F.Supp.2d 49, 57 (D.D.C. 2003). For example, when the procedural aspect of an agency's action is being challenged, as USDA's actions are in this case, "it may sometimes be appropriate to resort to extra-record information to enable judicial review to become effective." *Esch v. Yeutter,* 876 F.2d 976, 991 (D.C. Cir. 1989). Plaintiffs may also overcome the presumption of regularity by presenting one of a variety of "exceptions to the general rule limiting judicial review to the administrative record." *Fund for Animals v. Williams*, 245 F.Supp.2d at 58. These exceptions include (1) the Agency's record fails to include documents that are adverse to its actions[3]; (2) the Agency's record fails to address specific issues which have been addressed publicly by the scientific community[4]; (3) the Agency's record contain documents that serve as a pretext for the Agency's action[5]; and (4) the Agency has "skewed" the record by excluding documents from its own files that

---

[2] The Supplement proposes the following third-party documents: Seventeen third party studies and analyses relating to NAIS or aspects of NAIS; Nineteen Affidavits submitted by Plaintiffs; and Three formal comments submitted by Plaintiff Legal Defense Fund in response to Federal Register Notices from USDA.

[3] *San Luis Obispo Mothers for Peace v. NRC,* 751 F.2d 1287, 1327 (D.C.Cir.1984), *vacated in another part,* 760 F.2d 1320 (D.C. Cir. 1985) (en banc), *and aff'd,* 789 F.2d 26 (D.C. Cir.) (en banc), *cert. denied,* 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986).
[4] *Carlton v. Babbitt,* 26 F.Supp.2d 102, 107-108 (D.D.C. 1998).
[5] *Public Citizen v. Heckler,* 653 F.Supp. 1229, 1237 (D.D.C. 1986).

are relevant[6].

As described below, all of the documents Plaintiffs wish to supplement fall into one or more of these exceptions.

ARGUMENT

I.  **All of the Government documents (Documents 1-119) and all of the Plaintiffs' documents (Documents 143-164) should have been included in the record.**

USDA has selectively excluded documents from the record that are either adverse to its position (Documents 143-164) or that rebut the pretextual record filed by USDA (Documents 1-115), and this is *prima facie* evidence that USDA has "skewed" the record in this case. *See San Luis Obispo Mothers for Peace v. NRC,* 751 F.2d at 1327 (D.C.Cir.1984); *Public Citizen v. Heckler,* 653 F.Supp. 1229, 1237 (D.D.C. 1986); *Envtl. Def. Fund v. Blum,* 458 F.Supp. 650, 661 (D.D.C. 1978). USDA's attempt to skew the record in this way is itself grounds for granting Plaintiffs' motion.

For example, the Supplement proposes USDA press releases on NAIS that were omitted from USDA's proposed record. *See* Documents 48-105. These press releases demonstrate, for example, that NAIS is not a "voluntary" program. Specifically, several press releases congratulate USDA for entering into "partnerships" with State, industry and private livestock groups to make NAIS effective and efficient while other press releases explain how USDA is "going forward" with its implementation of NAIS. Other press releases show that USDA had approved only electronic tags for use within the NAIS program at the time that USDA and MDA entered into the relevant MOU's, contradicting the impression created by USDA's claims to this Court about the

---

[6] *Envtl. Def. Fund v. Blum,* 458 F.Supp. 650, 661 (D.D.C. 1978)

3

availability of non-electronic tags. Thus, USDA has omitted documents from the record that rebut the pretext that NAIS is voluntary.

The Supplement also proposes other government documents that demonstrate the pretextual nature of the USDA's actions. For example, the Supplement includes MDA documents demonstrating that USDA is paying MDA to implement NAIS in the State of Michigan under the guise of eradicating Tuberculosis; that PINs and RFIDs are required to maintain split state status; that USDA has entered into "cooperative agreements" with trade and industry organizations as well as slaughterhouses and stockyards; and that USDA intends on registering every cattle in the country and issuing Premises Identification Numbers ("PINs") by 2010. *See, e.g.*, Documents 107, 108, 113, 30, 31, 26, 27.

The Supplement also proposes USDA draft and final documents, for example, Cattle working group reports, Business Plans, VS Memos, Program Standards, Specifications, public presentations, and slideshows, which demonstrate the mandatory nature of NAIS, and thus should be reflected in the record. *See* Documents 19-47.

In addition, the Supplement proposes Affidavits submitted by the individual Plaintiffs in at least three "notice of intent to sue" letters that were submitted to USDA in May, June and July of 2008, and also contains two formal comment letters submitted to USDA by Plaintiff Farm-to-Consumer Legal Defense Fund in response to federal register announcements issued by USDA, all of which were before USDA before they were sued in this matter. (Documents 143, 145-147, 149, 151-153, 155, 156, 158, 160, 161, 163, 164). The additional affidavits and formal comment letter in the Supplement (Documents 144, 148, 150, 154, 157, 159, 162) not mentioned above were submitted to USDA after

the commencement of this suit and are likewise adverse to USDA's position. Thus, they should be included in the Supplement.

Excluding these documents from the record would allow USDA to "skew" the record and create a pretext for its actions that does not accurately reflect the facts of the NAIS program. Therefore, Plaintiffs' motion to supplement is well taken and it should be granted.

**II. The third-party documents (Documents 120-142) should be included because they were presented to the agencies or were public knowledge and are relevant to Plaintiffs' Claims.**

Plaintiffs presented most of the third-party documents in the Supplement to USDA and MDA prior to the filing of the present suit. USDA possessed these documents yet chose *not* to provide a religious exemption requested by Plaintiffs in their May 2008 notice of intent to sue letter. These documents were also before USDA when it chose to issue VS Memo 575.19 (both the September 2008 and December 2008 versions). In addition, these documents were before the agencies when they chose to continue the illegal imposition of registration and tagging requirements on Plaintiffs, as alleged in the Complaint.

Further, the Supplement proposes the following types of documents that address issues that USDA has ignored in this case, for example, environmental and economic, because USDA alleges that NAIS is a "voluntary" program and thus will not have any environmental or economic impacts: a GAO report addressing what USDA *should* do to protect animal health in this country (which does not include NAIS as a recommendation) (Document 133); a GAO report on the problems with RFID tags (Document 134); a letter from an RFID company detailing the fatal flaws of the NAIS technology (Document

137); and a report summarizing research on the health impacts of microchips (Document 120). While USDA and MDA chose to ignore these documents, all of which were publicly available, the fact remains that the agencies were presented with these documents (which they ignored) and they are relevant to Plaintiffs' claims.

The remainder of the third-party documents includes studies and reports that were publicly available at the time USDA was making its decisions, and they also go to the issue of whether USDA ignored environmental and economic issues that it was legally required to consider. For example, documents 127, 138, 139, and 141 are articles that were published prior to the USDA's issuance of most of the contested documents and they address the environmental effects of using RFIDs. This category of documents also includes two Kansas State University studies on the costs of NAIS (documents 135 and 136), at least one of which was conducted using USDA funding.

Thus, the Supplement proposes several public and governmental scientific studies to demonstrate the adverse environmental and economic effects of NAIS, effects that USDA failed to consider because it "presumed" NAIS would be "voluntary." Thus, they should be included in the Supplemental record.

**III. The relevant time period extends beyond July 2007.**

The Opposition argues that documents generated after July 2007 should not be included in the record. (*See* Page 8 of the Opposition). Specifically, USDA argues that because documents generated after the July 2007 final rule "were not before the USDA decisionmaker" at that time, USDA "was not required to include these documents in the Record, and the Court should deny plaintiffs' request to include them in the Record." *See also* USDA's Opposition at pages 4, 6 and 7. While citing multiple cases on the agency's

designation of the record, USDA fails to cite any authority for excluding the agency's ***own documents*** from the record.

USDA's argument is based on the faulty premise that Plaintiffs' claims are limited to the 2004 interim and 2007 final rules. To the contrary, Plaintiffs' Complaint clearly challenges numerous documents issued by or entered into by USDA after 2007. Specifically, Plaintiffs are challenging each of the documents that are identified in the following paragraphs of the First Amended Complaint; 229, 252, 263, 275 and 336. In addition, the documents in those paragraphs are also being challenged in paragraphs 286, 302 and 368 but those paragraphs both USDA and MDA's documents that Plaintiffs are challenging. Thus, the record should include all of the documents being challenged by Plaintiffs, not just the ones selectively chosen by USDA.

Moreover, USDA itself has not complied with its claim that post-July 2007 documents should be excluded because it has included numerous documents in the record, in both the "NAIS" record and in the "TB" record, that were generated after July 2007. *See, e.g.*, NAIS AR 611, 632, 634, 1304, 1381, 1445, 1449, 1530, 1533, 1608, 1613, 1616. *See also* TB AR 1830, 2126, 2129, 2133, 2138 (incorrectly identified as "38"), 2151, 2153, 2182-2200, 2204, 2333, 2335 and 2969. USDA acknowledges that it included post-2007 documents in the "TB Record," noting Plaintiffs' claims that challenge the annual TB program. Yet USDA *fails* to acknowledge that it also included post-2007 documents in its NAIS record as well, even though Plaintiffs also challenged multiple USDA actions that occurred after 2007. Thus, USDA is not being consistent even with its own arguments, which in turn are not consistent with the claims brought in this case.

7

CONCLUSION

USDA cannot selectively compile a record but must instead compile a record that will allow this Court to make a determination on the merits of Plaintiffs' claims. That record should include the Supplemental documents identified by Plaintiffs in their motion to supplement.

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Supplement the Record. USDA's compilation of the record is prohibited under the case law that has been cited by both the Plaintiffs and by USDA. USDA has improperly attempted, *ad hoc*, to impose its own legal theory of the case by excluding documents necessary for the Court's review in order to make a proper determination on the merits of Plaintiffs' claims. USDA has excluded its own government records and objected to third-party documents available to agencies, which show not only that USDA actions were inconsistent, pretextual, the excluded documents show that environmental and economic issues that USDA failed to address were publicly addressed.

For these reasons, Plaintiffs' motion should be granted.

Dated: May 12, 2009                                    Respectfully submitted,


/s/ David G. Cox
David G. Cox (D.C. Bar No. OH 0020)
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

                                          /s/ David G. Cox
                                          David G. Cox