BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Farm to Consumer Legal Defense Fund, *et al*,<br><br>      Plaintiffs,<br><br>V<br><br>U.S. Department of Agriculture<br><br>and<br><br>Michigan Department of Agriculture<br>Director Don Koivisto,<br><br>      Defendants. | Case No. 1:08-cv-01546-RMC |

**DIRECTOR OF MICHIGAN DEPARTMENT OF AGRICULTURE'S
(MDA'S) SUR-REPLY IN SUPPORT OF MOTION TO DISMISS**

This Court granted leave to the Plaintiffs to file a sur-reply only on whether the issuance of a PIN is a USDA or state requirement and allowed Defendants an opportunity to respond to Plaintiffs' sur-reply. The Director of the MDA hereby responds to Plaintiffs' sur-reply.

**Argument**

The issuance of PINs is a state requirement arising from the Director of the Michigan Department of Agriculture's bovine tuberculosis eradication orders issued under authority of Section 9(8) of the Animal Industry Act.[1] Section 9(8)[2] provides:

> (8) The director may develop, implement, and enforce scientifically based movement restrictions and requirements including official bovine tuberculosis test requirements, prior movement permits, official intrastate health certificates or animal movement certificates to accompany movement of animals, and official identification of animals for movement between or within a disease free zone, surveillance zone, and an infected zone, or any combination of those zones.

---

[1] MICH. COMP. LAWS § 287.701 *et seq*.
[2] MICH. COMP. LAWS § 287.709(8).

1

Section 9(8) enables the creation of intrastate animal-movement restrictions and a means of tracking animals for disease control purposes. A fundamental element of effective animal movement control is a record of the animal's origin. A PIN facilitates the tracking process. As explained in the Director's reply brief, the premises of cattle producers in Michigan were formerly maintained by the MDA in a state-created alphanumeric format. In recent years, the MDA has been transitioning to the USDA's nationally-uniform identification format.

The Director has also imposed movement restrictions within and between the three tuberculosis classification zones, including the requirement that animal movement certificates accompany cattle in movement. The certificates must contain, among other items, the animal's point of origin.[3] The Director's zoning order of March 1, 2007 established the zones and the requirements for movement authorization certificates. The PINs are utilized in the issuance of the movement certificates.

The Plaintiffs have not rebutted the Director's assertion that he is acting well within the confines of state law authority when requiring, as a part of an animal disease control effort, the identification of animals and the identification of their premises. They chose not to address the Director's arguments because they cannot rebut them.

---

[3] MICH. COMP. LAWS § 287.703(3). (3)"Animal movement certificate" means animal movement authorization established in a manner approved and issued by the director that contains, at a minimum, the following information regarding animals or an animal:
    (a) The point of origin and point of destination.
    (b) Official identification.
    (c) Anticipated movement date.
    (d) Any required official test results for bovine tuberculosis.

## **Conclusion**

For these reasons, and those stated in the memoranda previously filed by the Director, the Court should dismiss each of plaintiffs' claims against MDA's Director Koivisto.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ James E. Riley*
James E. Riley (P23992)
First Assistant
rileyje@michigan.gov

*/s/ Danielle Allison-Yokom*
Danielle Allison-Yokom (P70950)
Assistant Attorney General
allisonyokomd@michigan.gov

Attorneys for Defendant Don Koivisto,
Director of Michigan Department
of Agriculture

Environment, Natural Resources,
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
(517) 373-7540

Dated: May 13, 2009

lf:farm to consumer defense/2008-3021908b/Director's sur-reply in support of motion to dismiss