BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Farm-to-Consumer Legal Defense Fund, et al. | Case No. 1:08-cv-01546-RMC |
| Plaintiffs | Judge Rosemary M. Collyer |
| v. | |
| U.S. Department of Agriculture Ed Schafer, Secretary, et al. | |
| Defendants | |

## PLAINTIFFS' RESPONSE TO USDA'S MOTION TO DISMISS GREG NIEWENDORP'S CLAIMS AGAINST USDA

Plaintiff Greg Niewendorp agrees to dismiss his case without prejudice, as Plaintiffs' counsel notified USDA prior to the filing of USDA's motion.

However, the remaining Plaintiffs contest USDA's argument in its Motion to Dismiss Greg Niewendorp that **all** of the Plaintiffs' claims under the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq., should be dismissed simply because Mr. Niewendorp no longer owns cattle. USDA continues to ignore the full scope of Plaintiffs' claims under RFRA, as well as the policies affecting all of the Plaintiffs.

To begin, USDA continues to ignore Plaintiffs' argument that it is more than the use of an RFID that imposes an undue burden on Plaintiffs' exercise of their religion. NAIS burdens Plaintiffs' religious faiths by forcing them to accept technology, forcing them to interact with the world, threatens their existence as farmers, makes them take the "mark" of the beast, and deprives them of their dominion over animals. *See* First Amended Complaint, paragraphs 8-13, 15,

329-335.

Plaintiffs' religious infringement begins with the assignment of the premises identification number to Plaintiffs' land. USDA plays a direct causal role not only in the assignment of *national* PINs to the Plaintiffs' property and their animals but also in the holding of Plaintiffs' data in a *national* database. By definition, these infringements on the Plaintiffs' religious beliefs could not occur without federal government involvement, and neither agency has provided a religious exemption to this requirement.

In addition, **all** cattle owners in Michigan must use RFIDs, whether or not they are located in the MAZ or MAAZ or the accredited free zone. As clearly stated by the March 1, 2007 "Order" of MDA in the very first sentence under the heading "All Zones within Michigan," "Effective March 1, 2007, all cattle must be identified with official RFID electronic identification eartags prior to movement from a premises within Michigan, unless exempted by the director." *See* MDA Appendix, pg. 17. Thus, USDA is not correct that Mr. Niewendorp is the only Plaintiff who is required to place RFIDs on his cattle.

Under Michigan's supposed religious exemption, although the tag can be applied at the sales barn if Plaintiffs sell their cattle at a public auction, they still must pay for the tag and they still must have their property assigned NAIS numbers. Moreover, under the Order, Plaintiffs cannot sell their animals under private treaty or take them to other properties without tagging them, nor can Plaintiffs buy new or replacement cattle without an RFID tag. Therefore, this so-called exemption does not address Plaintiffs' religious objections.

Thus, USDA's argument that all of the Plaintiffs' claims under RFRA should be dismissed lacks merit.

For these reasons, Greg Niewendorp should be dismissed without prejudice and without reference to the remaining Plaintiffs' claims.

May 28, 2009

Respectfully submitted,

/s/ David G. Cox
David G. Cox (D.C. Bar No. OH 0020)
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

                              /s/ David G. Cox
                              David G. Cox (D.C. Bar No. OH 0020)