## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FARM-TO-CONSUMER DEFENSE FUND et al.,** ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | No. 08-CV-1546-RMC |
| v. ) ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE and MICHIGAN DEPARTMENT OF AGRICULTURE,** ) ) ) ) | |
| Defendants. ) ) | |

### REPLY MEMORANDUM IN SUPPORT OF USDA'S MOTION TO DISMISS PLAINTIFF GREG NIEWENDORP'S CLAIMS AGAINST THE USDA

Defendant the United States Department of Agriculture (USDA) submits this Reply Memorandum in order to address contentions made in Plaintiffs' Response to the USDA's Motion to Dismiss Plaintiff Greg Niewendorp's Claims Against the USDA (Pl. Resp.) [Docket No. (#) 54]. Although plaintiffs belatedly consent to the dismissal of Mr. Niewendorp's claims against the USDA, they fail to acknowledge the effect of his departure from Michigan on plaintiffs' claims against the USDA under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq.

### ARGUMENT

### MR. NIEWENDORP'S DEPARTURE FROM MICHIGAN IS A FURTHER BASIS FOR THE DISMISSAL OF PLAINTIFFS' CLAIMS UNDER RFRA.

When defendant the Michigan Department of Agriculture (MDA) visited Mr. Niewendorp's farm in Michigan on February 19, 2009, the MDA was informed that he previously left his farm and "was no longer in the cattle production business." See Affidavit of

Diane Talicska (Talicska Aff.) [# 51-2] ¶ 2. On May 20, 2009, Mr. Niewendorp filed a Motion for Leave to Dismiss his Claims Against the MDA [# 49], belatedly acknowledging that he "moved out of the State of Michigan and no longer owns any cattle in the State of Michigan." See Memorandum in Support of Plaintiff's Motion for Leave (Pl. Memo.) [# 49-2] at 1. Because Mr. Niewendorp's claims against the MDA are based solely on his ownership of cattle in Michigan, and he no longer owns such cattle, he conceded, in May of 2009, that he "no longer has any claims against the State of Michigan as alleged in . . . [the] Amended Complaint." Id.

Although plaintiffs belatedly consent to the dismissal of Mr. Niewendorp's claims against the USDA, they fail to acknowledge the significance of Mr. Niewendorp's departure from Michigan on plaintiffs' claims against the USDA under RFRA. See Pl. Resp. at 1-2. These claims are based on plaintiffs' assertion that a rule issued by the MDA in March 2007, requiring farmers to affix electronic radio-frequency identification devices (RFID tags), as opposed to the metal identification tags used previously, to cattle before they are moved from one premises to another within Michigan, violates plaintiffs' religious beliefs. See First Amended Complaint (Comp.) [# 27] ¶¶ 329, 334.

The MDA, in responding to Mr. Niewendorp's Motion for Leave, established that his farm was located in the "Modified Accredited Zone" (MAZ), that he was the only plaintiff who was required to affix RFID tags on cattle at his farm premises in Michigan, and that the other plaintiff farmers qualify for the MDA's religious exemption to its March 2007 rule. See MDA's Response to Motion to Voluntarily Dismiss Niewendorp (MDA Resp.) [# 51] ¶¶ 1, 2, citing Declaration of Kevin Kirk dated April 20, 2009 (Kirk Decl.) [# 37-2], ¶ 6. As the MDA explained, "Mr. Niewendorp's claims in this case are unique in that he is the only Plaintiff in the

2

MAZ." MDA Resp. ¶ 2, citing Kirk Decl. ¶ 6.

While plaintiffs deny the unique nature of Mr. Niewndorp's claims regarding the required use of RFID tags, they cite no facts to rebut the MDA's evidence. See Pl. Resp. at 2. Similarly, while plaintiffs contend that the MDA's "supposed religious exemption . . . does not address Plaintiffs' religious objections," id., they cite no facts to rebut the MDA's evidence that, particularly in light of Mr. Niewendorp's departure from Michigan, the rules issued by the MDA under its Bovine Tuberculosis Program since 2007 do not represent a marked change from the MDA's prior practices. See MDA's Reply Memorandum in Support of its Motion to Dismiss [# 37] at 2 ("Further, Plaintiffs do not contest that the MDA has historically required individual animal identification and premises identification as part of disease control and eradication efforts."); id. at 8 (Although plaintiffs "portray this shift from the state-identification format to the NAIS-identification format as an event of Orwellian magnitude," and they "paint this as an intrusion into their privacy," "in fact, the same information and more was in the MDA's database under the pre-NAIS identification system").

As a consequence, even if Michigan March 2007 rule requiring the use of RFID tags were mandated by the USDA (which is not the case), plaintiffs cannot establish that the USDA has imposed a "substantial burden" on plaintiffs' free exercise of religion. See 42 U.S.C. §§ 2000bb-1(a), (b); Village of Bensenville v. FAA, 457 F.3d 52, 61 (D.C. Cir. 2006).

## CONCLUSION

In light of Mr. Niewendorp's departure from Michigan, the Court should dismiss each of his claims against the USDA, as well as the RFRA claims asserted by the remaining plaintiffs.

3

Dated: June 2, 2009                Respectfully Submitted:

MICHAEL F. HERTZ
Deputy Assistant Attorney General

CHANNING D. PHILLIPS
Acting United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov