BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Farm to Consumer Legal Defense Fund, *et al*,<br><br>    Plaintiffs,<br>v<br><br>U.S. Department of Agriculture, Tom Vilsack, Secretary<br>and<br>Michigan Department of Agriculture Director Don Koivisto,<br><br>    Defendants. | Case No. 1:08-cv-01546-RMC |

## **RESPONSE OF MICHIGAN DEPARTMENT OF AGRICULTURE DIRECTOR DON KOIVISTO IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs ask this Court to reconsider its July 23, 2009 opinion and final order in this matter that dismissed all claims brought against the United States Department of Agriculture (USDA) and the Michigan Department of Agriculture (MDA). Their motion for reconsideration is brought under Federal Rule Civil Procedure 59 and, in support of that motion they make two claims: that the Court erred by not finding that the MDA's actions complained of should be deemed USDA imposed "federal" action based on the record before the Court, and that they were unfairly prejudiced by this Court's "conversion" of the MDA's motion to dismiss under Federal Rule Civil Procedure 12(b)(6) to a motion for summary judgment under Federal Rule Civil Procedure 56 without affording them an opportunity to conduct discovery to potentially develop facts justifying their assertion that the MDA was coerced by the USDA into implementing the NAIS program. Neither reason justifies reconsideration

## LEGAL STANDARD FOR GRANTING RECONSIDERATION

Fed. R. Civ. P. 59(e) provides:

> (e) Motion to Alter or Amend a Judgment
>
> A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

Plaintiffs cite *EEOC v. Lockheed Martin Corp.*[1] and the four grounds for reconsideration recognized in that case. Those grounds appear to be the utilized in this circuit as well.[2] Plaintiffs allege two of the reasons exist in this case: that it was an error of law for the Court to consider MDA's evidence that went to the merits of Plaintiffs' claims without affording the Plaintiffs an opportunity to present their evidence on the merits, and that it was manifestly unjust to prevent the Plaintiffs from demonstrating by evidence in the record, or by evidence potentially obtained through future discovery efforts, that the USDA coerced the MDA into implementing NAIS in the state of Michigan.

## ARGUMENT

**I.  Plaintiffs were on notice of the MDA's motion for summary disposition, had an opportunity to request a continuance to conduct discovery but did not, and cannot now claim they were deprived of an opportunity to fully present their case.**

Upon service of Plainitffs' First Amended Complaint, the MDA moved to dismiss the claims made against it under Fed. R. Civ. P. 12(b) and 56. The MDA's "Motion to Dismiss and Motion for Summary Judgment," dated February 19, 2009, sought dismissal of all claims brought in that complaint against the MDA. The brief in support (captioned "Memorandum in Support of Motion to Dismiss and Motion for Summary Judgment") cited Fed. R. Civ. P. 12(b) *and* 56 as the basis for the relief requested. The motion was accompanied and supported by affidavits and by documentary evidence, much of which specifically addressed and dispelled Plaintiffs' claims that the MDA's actions were coerced by the USDA. The MDA's submission of

---

[1] *EEOC v. Lockheed Martin Corp.,* 116 F. 3d 110, 12 (4th Cir. 1997).
[2] See *Higbee v. Billington*, 290 F. Supp. 2d 105, 106 (D.C. Circuit, 2003).

2

facts rebutted Plaintiffs allegations throughout the First Amended Complaint that the MDA was implementing the NAIS under auspices of federal law and on behalf of a federal agency. In response, Plaintiffs offered no material facts other than what they had claimed throughout their complaint. Based on the record before the Court, it held that the actions of the MDA were based on independent decisions under Michigan law and not attributable to USDA. The Court then held that certain federal statutes were not applicable to the MDA and that there had been no waiver of sovereign immunity as to the remaining counts against it.

The Plaintiffs now imply by their argument regarding the Court's conversion of the MDA motion to dismiss to a motion for summary judgment that they were unaware of the MDA's motion for summary judgment, and that upon the "conversion" the Court should have provided them an opportunity to conduct discovery to rebut the evidence presented by the MDA. The claim that they did not know of the MDA's motion for summary disposition is not credible. Aside from the pleadings and brief the MDA submitted, the Plaintiffs' response to the MDA's motion for summary judgment was captioned ""Plaintiffs Memorandum in Opposition to MDA's Motion to Dismiss First Amended Complaint and For Summary Judgment."[3] Additionally, the MDA's had moved for summary judgment on Plaintiffs' *original complaint.*[4]

Being well aware of the MDA's motion for summary judgment, Plaintiffs could have asked the Court for a continuance of the under Fed. R. Civ. P. 56(f) to conduct additional discovery if they actually believed that they could not present facts essential to justify their opposition. They chose not to seek a continuance, were content with the facts they relied upon in

---

[3] Doc. 35.
[4] Doc. 13.

their response to the motion, and cannot now complain that they were denied a fair opportunity to respond.[5]

## II.     The Court did not commit an error of law

Plaintiffs allege that the Court erred in concluding that the acts of the MDA were not those of a federal agency. The Plaintiffs do not offer any new evidence. The MDA has described in detail its actions, the reasons for those actions, and pointed to the specific state statutes authorizing the very conduct Plaintiffs complain of. The Court has considered that evidence and found correctly that the MDA was acting under authority of state law and not acting as an agent of the USDA.

## **Relief**

Wherefore, the MDA requests that Plaintiffs' motion be denied.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/  James E. Riley*
James E. Riley (P23992)
First Assistant
rileyje@michigan.gov

*/s/  Danielle Allison-Yokom*
Danielle Allison-Yokom (P70950)
Assistant Attorney General
allisonyokomd@michigan.gov

Attorneys for Defendant Don Koivisto,
Michigan Department of Agriculture
ENRA Division
525 West Ottawa Street
Lansing, MI  48913
 (517) 373-7540

Dated:  August 19, 2009
S: NR/cases/Farm to Consumer/2008-3021908-B/response to motion 08.19.09

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  "Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery."