# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **FARM-TO-CONSUMER DEFENSE FUND et al.,** | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08-CV-1546-RMC |
| v. | ) ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE and MICHIGAN DEPARTMENT OF AGRICULTURE,** | ) ) ) ) ) | |
| Defendants. | ) ) | |

## USDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

TONY WEST
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

PETER T. WECHSLER
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov

# TABLE OF CONTENTS

                                                                **PAGE**

TABLE OF CASES ........................................................................................................ -ii-

INTRODUCTION .......................................................................................................... 1

BACKGROUND AND PRIOR PROCEEDINGS ........................................................ 1

        A.        The TB Program and the NAIS ............................................................. 1

        B.        Plaintiffs' Claims Against the MDA and the USDA ............................. 2

        C.        USDA's Motion and the Memorandum and Order Dismissing
                    Plaintiffs' Claims ................................................................................... 3

        D.        Plaintiffs' Motion for Reconsideration under Rule 59(e) ...................... 4

ARGUMENT .................................................................................................................. 5

      I.      The Court Should Deny the Motion for Reconsideration under Rule 59(e),
            Because Plaintiffs Seek to Reargue Facts and Theories upon which the Court
            Already Ruled. ................................................................................................... 5

        A.        In Seeking Reconsideration, Plaintiffs Again Rely on the Assertion
                    that the USDA Coerced the MDA Into Requiring RFID Tags and
                      Issuing PINs. ......................................................................................... 5

        B.        The Facts and Theories Presented in Plaintiffs' Motion for
                    Reconsideration Were Previously Ruled on by the Court. ...................... 6

      II.     The Court Should Deny the Motion for Reconsideration under Federal
            Rule 59(e), Because Plaintiffs Fail to Establish Clear Error of Law or
            Manifest Injustice ............................................................................................. 9

        A.        In Responding to the USDA's Motion to Dismiss, Plaintiffs Failed
                    to Establish that the Court Has Subject-Matter Jurisdiction. ................... 9

        B.        The Court Properly Dismissed Plaintiffs' Claims Against the
                    USDA for Lack of Subject-Matter Jurisdiction under Federal
                    Rule 12(b)(1). ........................................................................................ 11

        C.        Plaintiffs Had Ample Opportunities to Supplement the USDA's
                    Administrative Record. ......................................................................... 13

CONCLUSION .............................................................................................................. 14

# TABLE OF CASES

**CASES**                                                                                                  **PAGE(s)**

<u>Am. Chemistry Council v. Dep't of Transp.</u>,
    468 F.3d 810 (D.C. Cir. 2006) ........................................................................................ 9

<u>Firestone v. Firestone</u>,
    76 F.3d 1205 (D.C. Cir. 1996) .......................................................................................... 5

<u>Fulani v. Brady</u>,
    935 F.2d 1324 (D.C. Cir. 1991) ....................................................................................... 4

<u>Harvey v. District of Columbia</u>,
    949 F. Supp. 878 (D.D.C. 1996) ............................................................................. 5, 8, 11

<u>Herbert v. Nat'l Acad. of Sci.</u>,
    974 F.2d 192 (D.C. Cir. 1992) .................................................................................. 11, 12

<u>Mwani v. Bin Laden</u>,
    417 F.3d 1 (D.C. Cir. 2005) ...................................................................................... 10, 11

<u>New York v. United States</u>,
    880 F. Supp. 37 (D.D.C. 1995) ........................................................................................ 5

<u>Sierra Club v. EPA</u>,
    292 F.3d 895 (D.C. Cir. 2002) ............................................................................. 9, 10, 13

<u>Steel Co. v. Citizens for a Better Env't</u>,
    523 U.S. 83 (1998) ........................................................................................................... 9

<u>U.S. v. York</u>,
    890 F. Supp. 1117 (D.D.C. 1995), reversed on other grounds, 112 F.3d 1218
    (D.C. Cir. 1997) ............................................................................................................... 8

<u>W.C. & A.N. Miller Co. v. United States</u>,
    173 F.R.D. 1 (D.D.C. 1997) .................................................................................... 5, 8, 11

# USDA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## INTRODUCTION

By Memorandum Opinion and Order dated July 23, 2009 [Docket Nos. (#) 60, 61], the Court granted the Motion of Defendant the United States Department of Agriculture (USDA) to Dismiss the First Amended Complaint [# 29], and the Motion of Defendant the Michigan Department of Agriculture (MDA) to Dismiss or for Summary Judgment [# 31], thereby dismissing the Complaint in its entirety.[1] See Memorandum Opinion (Mem. Op.) at 17; Order at 1. Although plaintiffs seek reconsideration [#62], under Rule 59(e) of the Federal Rules of Civil Procedure, of the July 23 Memorandum and Order, plaintiffs fail to establish that reconsideration is warranted under Rule 59(e) in order to correct clear error of law or to prevent manifest injustice. Instead, their motion is an improper attempt to reargue facts and theories upon which the Court has already ruled.

## BACKGROUND AND PRIOR PROCEEDINGS

### A. The TB Program and the NAIS

Through a cooperative Federal-State Tuberculosis Program (TB Program) that was first established in 1917, the USDA works with State animal health agencies (such as the MDA) and the livestock industry to eradicate bovine tuberculosis. See Declaration of Reed Macarty dated November 12, 2008 [# 12] ¶ 6. After bovine tuberculosis was discovered in Michigan cattle in 1998, the MDA issued a series of orders pursuant to Section 9(8) of Michigan's Animal Industry Act, Mich. Comp. Laws § 287.701 et seq., commencing in 2002, "setting testing requirements,

---

[1] The Court also granted the USDA's Motion to Dismiss Plaintiff Greg Newendorp's Claims as Moot [# 50]. See Mem. Op. at 8 n.8, 17; Order at 1. Plaintiffs do not challenge that ruling.

imposing movement restrictions and requiring animal and premises identification." See Mem. Op. at 5.

The National Animal Identification System (NAIS) "is a federal-State-Industry initiative that is designed to trace animals so that those associated with an incident of a livestock disease such as bovine tuberculosis . . . can be identified and the disease contained." Mem. Op. at 2. "Commencing in 2003, USDA has taken steps to develop the NAIS," id., which "is "adopted by state agriculture departments on a voluntary basis." Id. at 14. The USDA issued an interim rule in November 2004, and a final rule in July 2007, amending its regulations to recognize the NAIS identification format as additional numbering systems for animals in interstate commerce and the premises where they are held. 69 Fed. Reg. 64644 (Nov. 8, 2004); 72 Fed. Reg. 39301 (July 18, 2007); see also Mem. Op. at 2-3.

**B.      Plaintiffs' Claims Against the MDA and the USDA**

Plaintiffs, farmers who raise livestock in Michigan, brought this action against the MDA and the USDA in September 2008. See initial Complaint [# 1]. Plaintiffs challenge a rule issued by the MDA in 2007, as part of Michigan's implementation of its TB Program, mandating the use of electronic radio-frequency identification (RFID) devices for livestock prior to movement from one premises to another within the State, and plaintiffs allege that the MDA issued premises identification numbers (PINs) for their farms and registered their farms in a database. Plaintiffs also challenge the 2004 interim rules and the 2007 final rules and other documents issued by the USDA regarding the NAIS. See First Amended Complaint (Comp.) [# 27] ¶¶ 29, 150, 168, 169. The Complaint seeks a declaratory judgment and injunctive relief barring the MDA from requiring plaintiffs to affix RFID tags on cattle located within Michigan, compelling

the MDA to revoke any PINs that were issued to the plaintiffs and to remove data regarding their premises from any database used for the TB Program, and barring the USDA from developing the NAIS. Id. ¶ 2 & pp. 88-91 (requests for relief).

**C.      USDA's Motion and the Memorandum and Order Dismissing Plaintiffs' Claims**

In the Motion to Dismiss [# 29], the USDA demonstrated that plaintiffs did not identify any rule issued or other action taken by the USDA that requires plaintiffs to affix RFID tags to livestock, or obtain a PIN for a farm in Michigan. While the final rule issued by the USDA in July 2007 permits the use of such tags on livestock as an optional means of complying with animal identification requirements imposed under existing Federal-State disease programs (including the TB Program), this rule does not mandate the use of RFID tags. Although plaintiffs allege that the MDA requires the use of such tags for animals located within Michigan, plaintiffs cannot show that such injury is fairly traceable to any action taken by the USDA, or that a court order enjoining the USDA from implementing the NAIS would prevent the MDA from requiring the use of such tags or issuing PINs in Michigan. As a result, plaintiffs lack standing to assert these claims.

By Memorandum Opinion and Order dated July 23, 2009, the Court dismissed plaintiffs' claims against the USDA for lack of standing, which is a required element of subject-matter jurisdiction, and granted the MDA's Motion to Dismiss or for Summary Judgment, thereby dismissing the Complaint in its entirety. See Mem. Op. at 15. With respect to the claims against the USDA, the Court found that plaintiffs failed to meet two of the required elements of standing, causation and redressability. Id. at 15. First, the Court found that plaintiffs failed to establish that their alleged harm is fairly traceable to actions taken by the USDA. Id. at 13. The

3

Court noted that "an injury will not be 'fairly traceable' to the defendant's challenged conduct nor 'redressable' where the injury depends not only on that conduct, but also on independent intervening or additional causal factors." Id. at 12, citing Fulani v. Brady, 935 F.2d 1324, 1329 (D.C. Cir. 1991).

In ruling on the USDA's Motion to Dismiss, the Court stated that each of plaintiffs' claims against the USDA "hinges on the erroneous assertion that the NAIS requires the registration of PINs and the use of RFID tags." See Mem. Op. at 13. The Court found that plaintiffs' alleged injuries "are traceable to MDA's bovine tuberculosis eradication orders," which were issued pursuant to Michigan State law "prior to the USDA's implementation of the NAIS." Id. at 13. The Court found "that the decisions to require registration of PINs and use of RFID tags were the independent decisions of MDA made under state law, and Plaintiffs cannot trace their alleged injuries to USDA simply because the NAIS allows states to make those decisions." Id. at 15.

Second, the Court ruled that, "because the source of Plaintiffs' alleged injuries is independent MDA orders, enjoining the implementation and enforcement of the NAIS would not provide Plaintiffs with redress" of their alleged harm. Id.

**D.** **Plaintiffs' Motion for Reconsideration under Rule 59(e)**

On August 7, 2009, plaintiffs filed the Motion for Reconsideration, under Rule 59(e) of the Federal Rules of Civil Procedure, of the July 23 Memorandum and Order dismissing the Complaint. With respect to the dismissal of their claims against the USDA, plaintiffs contend that reconsideration is warranted under Rule 59(e) in order "to correct clear error of law or to

4

prevent manifest injustice." See Memorandum in Support of Plaintiffs' Motion for Reconsideration (Pl. Memo.) [# 62-2] at 5.

## ARGUMENT

I.  **The Court Should Deny the Motion for Reconsideration under Rule 59(e), Because Plaintiffs Seek to Reargue Facts and Theories upon which the Court Already Ruled.**

Motions for reconsideration brought under Rule 59(e) of the Federal Rules of Civil Procedure are rarely granted. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); Harvey v. District of Columbia, 949 F. Supp. 878, 879 (D.D.C. 1996). In particular, Rule 59(e) motions are "not simply an opportunity to reargue facts and theories upon which a court has already ruled," Harvey v. D.C., 949 F. Supp. at 879, citing New York v. U.S., 880 F. Supp. 37, 38 (D.D.C. 1995); see also W.C. & A.N. Miller Co. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), nor are such motions "vehicles for bringing before the court theories or arguments that were not advanced earlier." Harvey v. D.C., 949 F. Supp. at 879 (citation omitted); see also W.C. & A.N. Miller Co. v. U.S., 173 F.R.D. at 3.

Although plaintiffs contend that reconsideration of the July 23 Memorandum Opinion and Order is warranted under Rule 59(e) in order "to correct clear error of law" or "to prevent manifest injustice," see Pl. Memo. at 5, the Motion for Reconsideration reargues facts and theories that were previously considered and ruled on by the Court.

   A.  **In Seeking Reconsideration, Plaintiffs Again Rely on the Assertion that the USDA Coerced the MDA Into Requiring RFID Tags and Issuing PINs.**

Plaintiffs base the Motion for Reconsideration upon the contention that, even if the USDA does not require the use of RFID tags for cattle in Michigan, or the issuance of PINs to Michigan farms, the USDA "influenc[ed]," "coerc[ed]" or "encourag[ed]" the MDA to impose

these requirements in Michigan.  See, e.g., Pl. Memo. at 8.   Plaintiffs point in particular to the Memoranda of Understanding (MOUs) between the MDA and the USDA, and the federal funding sought or obtained by the MDA from the USDA.   Plaintiffs assert that "MDA was either directed, persuaded or coerced by the USDA into implementing some" of the NAIS requirements, because the MDA "feared the loss of its bovine TB status for the entire state" and "was indebted to USDA for significant cooperative grant awards." Id. at 1.

Plaintiffs acknowledge that they are asking the Court to revisit its prior rulings on these points.  Plaintiffs assert that "[t]he record provides specific documents to support" their allegation that the USDA coerced the MDA into imposing these requirements" in Michigan, see Pl. Memo. at 1; and that, "*once the Court re-examines the plain language in the documents*, it will see that the First Amended Complaint made specific allegations supported by sufficient facts that when viewed in a light most favorable to Plaintiffs must survive a motion for summary judgment and/or a motion to dismiss." Id. at 2 (emphasis added).

### B. The Facts and Theories Presented in Plaintiffs' Motion for Reconsideration Were Previously Ruled on by the Court.

The allegations and theories presented in the Motion for Reconsideration were previously raised by plaintiffs and ruled on by the Court in connection with the USDA's Motion to Dismiss.

In opposing the USDA's Motion to Dismiss, plaintiffs did not identify any rule issued or other action taken by the USDA that requires the Farmers to affix RFID tags to livestock,  or obtain a PIN, prior to movement within Michigan.  Instead, plaintiffs contended that the USDA "forced" the MDA "to implement NAIS in the State of Michigan," see Pl. Opp. at 13, and that, "even if the MDA is the immediate cause" of their alleged injury, plaintiffs have standing to sue

6

the USDA "because MDA's conduct has resulted from the relationship it has with USDA." See Plaintiffs' Opposition to the USDA's Motion to Dismiss (Pl. Opp.) [# 34] at 18.

In opposing the USDA's Motion to Dismiss, plaintiffs pointed in particular, as they do now, to the MOUs between the MDA and the USDA, and the federal funding sought or obtained by the MDA from the USDA. See Pl. Opp. at 18-19. First, plaintiffs asserted that the USDA, in reviewing Michigan's annual applications for split-State status in the TB Program, "place[d] significant regulatory pressure on MDA to implement [the] NAIS," see Comp. ¶ 178, and that "MDA would not be allowed to cause" plaintiffs' alleged injuries, absent the existence of the MOUs. See Pl. Opp. at 18-19. Second, plaintiffs asserted that the USDA is "using federal funds to coerce MDA to implement NAIS in the State of Michigan," id. at 14, and that "MDA would not be allowed to cause" their alleged injuries absent the receipt of grants from the USDA. Id. at 18-19. Plaintiffs alleged that "MDA submitted a proposal to receive a grant of $179,000 from USDA" in 2006, id. at 14 & Ex. S (grant proposal) [34-20], and that the MDA, in applying for such funding, stated that it would be used to implement and administer premises registration in Michigan in accordance with the NAIS. Id.

All of these arguments and theories have been considered and rejected by the Court. In ruling on the USDA's Motion to Dismiss, the Court found that, after bovine TB was discovered in Michigan cattle in 1998, the MDA "exercised its own discretion, over a period of years, to require animal identification and premises identification in an effort to eradicate bovine TB in the state, and independently decided to require PINs and RFID tags for cattle being moved within Michigan." Mem. Op. at 4. The Court noted that "the MDA's bovine tuberculosis

7

eradication orders" were issued pursuant to Michigan State law "prior to the USDA's implementation of the NAIS." Id. at 13.

In particular, the Court rejected plaintiffs' attempts to "attribute MDA's actions to requirements imposed on it through the various MOUs agreed to by MDA and USDA," see Mem. Op. at 14, finding that "such arguments fail in light of the uncontested fact that the MDA orders requiring PINs and RFID tags preceded the MOUs." Id. "In other words, the MOUs reflected Michigan law, adopted by Michigan independently, and not the dictates of USDA." Id. While the requirements may have been "important to obtaining USDA's agreement that Michigan was eligible for split-state TB status," the requirements "were adopted *in* Michigan, *by* Michigan first." Id. (emphasis in original). The Court reasoned that, although a State "may be influenced by such desires as qualifying for split-state status, that goal does not rob state officials of decision authority." Id. at 14-15. For similar reasons, the Court rejected plaintiffs' assertion that the USDA is using federal funds to coerce MDA to implement NAIS in Michigan. See Mem. Op. at 14 n.10.

In the Motion for Reconsideration, plaintiffs therefore "do nothing but regurgitate arguments made throughout the voluminous pleadings carefully considered and rejected by the Court in reaching" its prior decision dismissing the Complaint. See U.S. v. York, 890 F. Supp. 1117, 1140 (D.D.C. 1995), reversed on other grounds, 112 F.3d 1218 (D.C. Cir. 1997). For that reason, the Court should deny the Motion for Reconsideration. Id., 890 F. Supp. at 1140; see also Harvey v. D.C., 949 F. Supp. at 879; W.C. & A.N. Miller Co. v. U.S., 173 F.R.D. at 3.

## II. The Court Should Deny the Motion for Reconsideration under Federal Rule 59(e), Because Plaintiffs Fail to Establish Clear Error of Law or Manifest Injustice.

In addition to improperly rearguing points that have already been considered and rejected, plaintiffs' motion fails to demonstrate that reconsideration is warranted under Rule 59(e) in order "to correct clear error of law or to prevent manifest injustice." See Pl. Memo. at 5.

### A. In Responding to the USDA's Motion to Dismiss, Plaintiffs Failed to Establish that the Court Has Subject-Matter Jurisdiction.

The district court must resolve issues as to subject-matter jurisdiction before ruling on the merits of the case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). As this Court stated, on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." See Mem. Op. at 10. In ruling on such a motion, the district court "is not limited to the allegations contained in the complaint," id.," and the court "may consider materials outside the pleadings." Id.

"The facts upon which a petitioner relies for its standing to sue are necessarily peculiar to it and are ordinarily within its possession." Sierra Club v. EPA, 292 F.3d 895, 901 (D.C. Cir. 2002); see also Am. Chemistry Council v. Dep't of Transp., 468 F.3d 810, 820 (D.C. Cir. 2006). Where, as here, a petitioner's standing "is not self-evident," the petitioner "must supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review." Sierra Club v. EPA, 292 F.3d at 900. A petitioner "whose standing is not self-evident should establish its standing by the submission of its arguments and any affidavits or other evidence appurtenant thereto at the first appropriate point in the review proceedings." Id.

In this case, the first appropriate point for plaintiffs to establish their standing was in response to the USDA's prior motion to dismiss the initial Complaint in August 2008 [# 12] , in which the USDA asserted that the Court lacked subject-matter jurisdiction. See Sierra Club v. EPA, 292 F.3d at 900 ("In some cases that [point] will be in response to a motion to dismiss for want of standing . . . ."). At that time, plaintiffs obtained leave to file the First Amended Complaint [# 25], as a means to cure "the alleged deficiencies" asserted in the USDA's motion, see Memorandum in Support of Plaintiffs' Motion for Leave to Amend [# 20-4] at 3, including the lack of standing. See Reply Memorandum in Support of Motion for Leave [# 22] at 5. After the USDA filed the Motion to Dismiss the Amended Complaint [# 29], plaintiff had the burden of establishing that the Court has subject-matter jurisdiction. See Mem. Op at 10. A petitioner "may carry its burden of production by citing any record evidence relevant to its claim of standing and, if necessary, appending to its filing additional affidavits or other evidence sufficient to support its claim." Sierra Club v. EPA, 292 F.3d at 900-01.

Plaintiffs failed to meet that burden, despite having submitted several declarations and numerous exhibits along with their Opposition to the USDA's Motion to Dismiss [# 34]. Plaintiffs err in asserting that they lacked an "opportunity to present evidence in support of their claims," see Pl. Memo. at 8; or that they were prevented "from demonstrating . . . that USDA coerced MDA into implementing NAIS in the state of Michigan." Id. at 5. Although plaintiffs assert in the Motion for Reconsideration that they were entitled to conduct discovery before the Court ruled on the USDA's Motion to Dismiss, id. at 2, plaintiffs did not file a motion seeking discovery regarding subject-matter jurisdiction. As a result, this is not a case where the district court denied a request for jurisdictional discovery. Cf. Mwani v. Bin Laden, 417 F.3d 1, 17

10

(D.C. Cir. 2005) (rejecting plaintiffs' contention that district court abused its discretion by denying them jurisdictional discovery). Motions for reconsideration are not "vehicles for bringing before the court theories or arguments that were not advanced earlier." Harvey v. D.C., 949 F. Supp. at 879 (citation omitted); see also W.C. & A.N. Miller Co. v. U.S., 173 F.R.D. at 3. The Court should therefore reject plaintiffs' belated attempt to seek jurisdictional discovery.[2]

### B. The Court Properly Dismissed Plaintiffs' Claims Against the USDA for Lack of Subject-Matter Jurisdiction under Federal Rule 12(b)(1).

Plaintiffs err in asserting that "it was improper for the Court to dispose of the case under [Rule] 12(b)(1)." See Pl. Memo. at 7. Contrary to plaintiffs' contention, however, see Pl. Memo. at 6-7, this is not a case where the jurisdictional facts are "inextricable intertwined with the merits of the case," see Herbert v. Nat'l Acad. of Sci., 974 F.2d 192, 198 (D.C. Cir. 1992), or where the court will "necessarily . . . need to decide among conflicting factual positions." Id. at 197.

The jurisdictional facts regarding plaintiffs' claims against the USDA are as follows:

1. After bovine tuberculosis was discovered in Michigan cattle in 1998, the MDA issued a series of orders pursuant to Michigan State law, commencing in 2002, imposing movement restrictions and requiring animal and premises identification. See Mem. Op. at 5.

---

[2] In any event, no discovery was needed to establish the key facts that plaintiffs relied on to support their theory that the USDA mandated the MDA to require the use of RFID tags and to issue PINs: that the MDA obtained funding from the USDA, and that the MDA entered into MOUs with the USDA. The Court simply concluded that those facts were insufficient to demonstrate that the USDA mandated the use of RFID tags or the issuance of PINs. Plaintiffs have not established, and cannot establish, that discovery could produce facts that "would affect [the] jurisdictional analysis." See Mwani v. Bin Laden, 417 F.3d at 17.

11

2. The MDA's 2002 orders requiring animal and premises identification were made by the MDA "acting under state law prior to the USDA's implementation of the NAIS," including the USDA's issuance of the 2004 interim rule and the 2007 final rule challenged by plaintiff. See Mem. Op. at 13.

These jurisdictional facts are based upon the plain language of the orders issued by the MDA in 2002 and thereafter. In opposing the USDA's Motion to Dismiss, plaintiffs did not raise a genuine issue as to these limited jurisdictional facts. In ruling on the USDA's Motion to Dismiss, the Court was not required to "decide among conflicting factual positions." See Herbert v. Nat'l Acad. of Sci., 974 F.2d at 197. In the Motion for Reconsideration, plaintiffs have not established that they lacked an opportunity to submit evidence regarding these jurisdictional facts. Indeed, none of the documents cited in the Motion for Reconsideration raise a genuine issue as to these facts. See Pl. Memo. at 9-12.

Because the limited jurisdictional facts are not "inextricably intertwined with the merits of the case," id. at 198, the Court was entitled to dismiss plaintiffs' claims against the USDA under Rule 12(b)(1) for lack of subject-matter jurisdiction. The contentions made by plaintiffs as to the merits of their various claims against the USDA are not material to the jurisdictional facts at issue in the USDA's Motion to Dismiss.

### C. Plaintiffs Had Ample Opportunities to Supplement the USDA's Administrative Record.

Plaintiffs' discussion of the Administrative Record compiled by the USDA misses the mark.

First, contrary to plaintiffs' contention, see Pl. Memo. at 8-9, in ruling on the USDA's Motion to Dismiss under Rule 12(b)(1), the Court was not confined to documents in the Administrative Record. See Sierra Club v. EPA, 292 F.3d at 900. Nothing prevented plaintiffs from submitting documents in response to the USDA's jurisdictional arguments, regardless of whether the Administrative Record contained such documents.

Second, after the USDA compiled and certified the Administrative Record [# 16] for plaintiffs' claims under the Administrative Procedures Act in December 2008, containing more than 3,000 pages of documents, plaintiffs were granted leave to supplement the Record with numerous additional documents created or received by the USDA or the MDA. See Plaintiffs' Notice of Intent to File Supplement to Administrative Record [# 17]; Plaintiffs' Motion for Leave to File Supplement to the Administrative Record [# 42]; Minute Order dated May 18, 2009, on Plaintiffs' Motion for Leave to File Supplement; Plaintiffs' Notice of USDA's Intent to Supplement the Administrative Record [# 55]; USDA's Notice of Filing Supplemental Administrative Record [# 57]; Plaintiffs' Notice of Deficiencies and Omissions in Supplemental Record [# 58]; Plaintiffs' Notice of Filing Supplement to the Administrative Record [# 59].

For these reasons, plaintiffs fail to establish that they were prevented from submitting documents in response to the USDA's Motion to Dismiss or that the Court acted improperly in granting that motion.

## CONCLUSION

For all of these reasons, the Court should deny Plaintiffs' Motion for Reconsideration.

Dated: August 20, 2009                     Respectfully Submitted:

TONY WEST
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. GRIFFITHS
Assistant Branch Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division

Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov