BEFORE THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Farm-to-Consumer Legal Defense Fund, et al. | : | Case No. 1:08-cv-01546-RMC |
| | : | |
| Plaintiffs | : | Judge Rosemary M. Collyer |
| | : | |
| v. | : | |
| | : | |
| U.S. Department of Agriculture, et al. | : | |
| | : | |
| Defendants | : | |

**PLAINTIFFS' REPLY TO USDA'S AND MDA'S OPPOSITIONS TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I. Introduction

The United States Department of Agriculture (USDA) argues that Plaintiffs' Motion is an improper attempt to reargue facts and theories upon which the Court has already ruled. The Michigan Department of Agriculture (MDA) argues that the Court properly granted summary judgment in this case. Plaintiffs contend that their arguments establish that reconsideration is warranted under Rule 59(e) in order to correct a clear error of law or to prevent manifest injustice. While Plaintiffs recognize that motions for reconsideration are difficult for a movant to prevail upon because the Court has already made its determination, in this instance the Plaintiffs believe that its motion is sufficiently based in law and fact that the Court should be persuaded, for the reasons set forth below, that this is one of those unusual circumstances where reconsideration is necessary and justified.

## II. Factual Background

As the Court found, the individual Plaintiffs are farmers who raise livestock in a sustainable manner and belong to the Farm-to-Consumer Legal Defense Fund. Plaintiffs

Dockets.Justia.com

have been required to register in the National Animal Identification System ("NAIS") database, or had their properties assigned NAIS registration numbers, without their permission. The individual Plaintiffs who reside in Michigan have also been required to tag their cattle with electronic NAIS-compliant tags before moving them off their property for any reason. While those Plaintiffs who have religious objections to the program have been allowed to take their cattle to the sales barn without such tags, they have still been assigned NAIS property registration numbers, must still pay to have their cattle tagged by others at the sales barn, and are unable to buy any untagged cattle. The Plaintiffs' information and registration numbers are held in databases by both USDA and MDA.

During the time that USDA was actively involved in developing and trying to implement the NAIS program as a regulatory requirement, MDA was concurrently implementing changes to its tuberculosis program. It is important to note that these two programs are significantly interrelated and that implementing states face high stakes in following USDA direction in implementing the federal requirements to eradicate listed diseases such as tuberculosis. Farmers and ranchers in disease "free" states are able to transport and sell their animals across state lines with no restrictions. If the USDA declines to approve a state as disease "free," however, varying levels of restrictions apply. A state that is downgraded to non-accredited status faces the harshest restrictions; cattle can be shipped interstate *only* directly to slaughter in a sealed conveyance and with an accompanying health certificate. *See* 9 CFR § 77.16.

In other words, the state must do whatever USDA dictates in order to prevent the potentially devastating movement restrictions from being imposed on its farmers and

ranchers.  Given such dire consequences to ignoring USDA wishes, Plaintiffs believe that MDA would do, and likely did, almost anything to ensure USDA's approval of its programs, including implementing USDA's "voluntary" NAIS aspects as mandatory state requirements.  Already having the nation's highest unemployment rate and experiencing significant economic hardship, the implications for the Michigan economy if MDA did not comply with USDA wishes are very significant and almost beyond calculation.

### III.  Argument in Reply to USDA's Opposition

**A.     The Court Should Grant Plaintiffs' Motion for Reconsideration Because the Court Was Not Able to Consider All of the "Non-Public" Evidence Supporting Plaintiffs' Complaint, As Well As The Evidence That Was Presented**

What USDA ignores in its Response in Opposition to Plaintiffs' Motion for Reconsideration is that Plaintiffs' argument is based on the fact that significant dictates, directions and influence can be imposed by USDA upon a state's actions through significant "non-public" channels.  These significant verbal discussions, emails and other documents serve as a means of direct coercion or influence between USDA and a state, and represent significant factors in how a state implements both federal ***and state*** programs.  All of these "non-public" types of communications have ***not*** been produced, reviewed or evaluated by the Court because the Plaintiffs have not yet been afforded their right to discovery.  Clearly, public documents can be manipulated by agencies in their attempt to conform their actions to the strict letter of the law.  While the public documents produced may appear to satisfy legal obligations, significant "behind the scenes" discussions and directions ordinarily take place that easily could persuade a state to implement as mandatory a program that appears to be "voluntary."

Because Plaintiffs had not been permitted any discovery, the Court's decision was based solely on public documents and it was unable to consider relevant "non-public" facts, documents and evidence that support the Plaintiffs' complaint. Plaintiffs intend to prove through discovery, including depositions, that MDA's alleged "state actions" in imposing the NAIS registration and RFID requirements were taken at the direction of, and as a surrogate for, federal action by USDA.

Consequently, Plaintiffs do not merely reargue the facts and theories upon which the Court has ruled. Rather, their Motion for Reconsideration points out that the evidence *already produced* in the administrative record tends to demonstrate the significant possibility that USDA took *additional* key steps to implement its allegedly "voluntary" NAIS as a mandatory program through its interactions and direction to MDA. Because this Court has jurisdiction over Plaintiffs' claims if their right to recover "will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another . . . ." *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), Plaintiffs' First Amended Complaint pled facts sufficient to withstand a Rule 12(b)(1) motion. *See also Verizon Maryland, Inc. v. Public Service Com'n of Maryland,* 535 U.S. 635, 642-643, 122 S.Ct. 1753 (2002). Plaintiffs' allegations, which were sufficient to survive a 12(b)(1) motion on their face, raised issues based both on the evidence that is already in the record and on the evidence that is not yet public. That fact was not addressed or considered by the Court in its order and is the crux of Plaintiffs' Motion for Reconsideration.

Moreover, Defendants were permitted to submit documents outside the administrative record (e.g., the affidavit of Kevin Kirk), which the Court found

compelling. Plaintiffs have not been afforded the same opportunity. Allowing

additional and necessary discovery now would prevent manifest injustice, all consistent

with *EEOC v. Lockheed Martin Corp.,* 116 F. 3d 110, 12 (4th Cir. 1997). *See also Higbee*

*v. Billington*, 290 F. Supp. 2d 105, 106 (D.C. Cir. 2003).

**B.      The Court's Memorandum Opinion Fails to Consider the USDA's
             Ability to Bypass Normal Regulatory Channels, Which Creates a
             Material Factual Dispute Regarding the Issue of Standing**

The Court held that Plaintiffs lacked standing with regard to the USDA because

the USDA did not overtly require PINs or RFID tags. The crux of Plaintiffs' First

Amended Complaint, however, was that even if certain of USDA's federal NAIS

requirements appear at first blush to be only voluntary requirements, USDA improperly

influenced, coerced or encouraged MDA to act in its stead and impose such requirements

as mandatory through the state's own Bovine TB program. Through such actions, USDA

was able to accomplish what it could not through the proper regulatory channels, i.e.

having MDA implement certain of the NAIS regulatory provisions as mandatory

requirements in Michigan under the cloak of the State's Bovine TB program. In doing

so, USDA's actions imputed to MDA the conduct of a federal actor, thus allowing USDA

to avoid the formal notice and comment regulatory process required if USDA directly

implemented the NAIS program on a national scale. The Court failed to consider such

conduct in its Memorandum Opinion and Order.

**C.      The USDA's Arguments Ignore the Incomplete Record**

The USDA claims that no discovery was needed to establish the key facts that

Plaintiffs relied upon to support their First Amended Complaint because the Court

concluded that the facts produced to date were insufficient to demonstrate that USDA

mandated the use of RFID tags or the issuance of PINs (*see* USDA Opposition, p. 11, fn 2).  As previously summarized by Plaintiffs, the Court's conclusion was, by necessity, based only on those public documents available at this early course of the proceedings. These limited public documents do not reflect the entire scope, breadth and width of the evidence available to support Plaintiffs' claims. Additional, non-public evidence could have significantly changed the Court's assessment of Plaintiffs' claims.  Only if those documents were available to the Court through discovery would Plaintiffs' claims be properly judged.  Hence, USDA's argument is circular and not responsive to Plaintiffs' Motion for Reconsideration.

Consequently, the Court should reconsider its decision to dismiss Plaintiffs' complaint at this early stage of the proceedings.

## IV.  Argument in Reply to MDA's Opposition

The Court granted MDA's Motion under Fed. R. Civ. P. 56 because the Court held that MDA's actions were independent state requirements implementing state law and that Plaintiffs' injuries were traceable to independent orders imposed upon the Plaintiffs through orders issued by MDA pursuant to Section 9(8) of Michigan's Animal Industry Act, MCL § 287.709(8).  The Court further found that MDA, as a state agency, had not waived its Eleventh Amendment sovereign immunity and without any connection to a "federal action" the Court would not consider Plaintiffs' constitutional violation claims.

However, Plaintiffs believe that the Court failed to take into account critical documents that create a genuine issue of material fact and that it was improper to grant MDA's motion at this early stage.  *See, e.g.,* pp. 9-12 of Motion for Reconsideration.

Further, because MDA was permitted to present evidence outside the administrative record that the Court found compelling, such as the affidavit of Kevin Kirk, Plaintiffs believe that they also should be permitted to present evidence outside the administrative record to support their position.

As was discussed in the prior section, Plaintiffs cited sufficient publicly available evidence that MDA was acting to implement certain "voluntary" NAIS restrictions as mandatory requirements in Michigan and that such actions were taken in response to the improper direction of, coercion of, or insistence of USDA. In this manner, MDA was acting in the shoes of USDA, improperly implementing "voluntary" federal requirements under the guise of a mandatory state order. Consequently, Plaintiffs believe a genuine issue of material fact already exists given the current state of the record, thereby precluding summary judgment.

Finally, Plaintiffs can bring claims that survive a motion to dismiss but cannot, at this stage of the case, be expected to have access to the extensive amount of non-public information, documentation and private discussions between the federal-state agencies to such an extent that they could support their own Motion for Summary Judgment. If they had been provided the opportunity by this Court to conduct such discovery to obtain the requisite information, however, Plaintiffs believe that they would certainly be able to further develop facts and prove that there exists an improper implementation of federal NAIS requirements by MDA acting under the direction or coercion of USDA. Nonetheless, Plaintiffs have already submitted sufficient arguments and evidence to overcome MDA's motion for summary judgment, particularly if the Court views the evidence in a light most favorable to Plaintiffs.

## V. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be granted and Plaintiffs should be allowed to proceed to prosecute their First Amended Complaint. The Court should permit the Plaintiffs to move forward with discovery, including depositions, in order for Plaintiffs to have a proper opportunity to develop their case.

Dated: August 28, 2009

Respectfully submitted,

/s/ David G. Cox
David G. Cox (D.C. Bar No. OH 0020)
4240 Kendale Road
Columbus, OH 43220
dcoxlaw@columbus.rr.com
Phone: 614-457-5167
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter T. Wechsler
peter.wechsler@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Counsel for USDA

and

James E. Riley
rileyje@michigan.gov
First Assistant
Danielle Allison-Yokom
allisonyokomd@michigan.gov
Assistant Attorney General
Michigan Department of Agriculture
Environment, Natural Resources
and Agriculture Division
525 West Ottawa Street
6th Floor Williams Building
Lansing, MI 48913
Counsel for MDA

/s/ David G. Cox
David G. Cox