UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FARM-TO-CONSUMER LEGAL DEFENSE FUND,** *et al.*, | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | )     Civil Action No. 08-1546 (RMC) |
| **TOM VILSACK, Secretary, U.S. DEPARTMENT OF AGRICULTURE,**[1] *et al.*, | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

**ORDER**

       Plaintiffs are farmers in Michigan who raise livestock in a sustainable manner and an advocacy group of which each individual Plaintiff is a member. They sued the Secretary of the U.S. Department of Agriculture ("USDA") and the Director of the Michigan Department of Agriculture ("MDA") seeking to enjoin the implementation and enforcement of the National Animal Identification System ("NAIS"). On July 23, 2009, the Court granted USDA's motion to dismiss and MDA's motion for summary judgment. *See* July 23, 2009 Mem. Op. & Order [Dkt. ## 60 & 61]. Plaintiffs' counts against USDA were dismissed for lack of standing because the Court found that the requirements of Premises Identification Numbers ("PINs") for their farms and radio frequency identification devices ("RFIDs") for their cattle were attributable to MDA's bovine tuberculosis eradication orders, not to NAIS. Plaintiffs' counts against MDA were dismissed because the Court found the federal claims to be insubstantial inasmuch as MDA's bovine

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Tom Vilsack is substituted as Secretary for his predecessor, Ed Schafer, Secretary of the U.S. Department of Agriculture.

tuberculosis eradication orders were not subject to the federal laws Plaintiffs alleged MDA had violated, and because the Court found that it was without supplemental jurisdiction over the remaining state law counts.

Plaintiffs move the Court to reconsider pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. # 62. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Plaintiffs assert that the Court erred because even if "USDA's NAIS requirements were purely voluntary and USDA did not require PINs or RFID tags[,]" as the Court found, USDA coerced "MDA to act in its stead by having the state implement NAIS as mandatory requirements in Michigan under the cloak of the state's Bovine TB program[,]" and therefore "USDA's actions transferred the conduct of federal action to MDA . . . ." Pls.' Mem. in Supp. of Mot. for Recons. ("Pls.' Mem.") [Dkt. # 62] at 8. In support of their coercion theory, which MDA itself denies, Plaintiffs point to documents in the record purportedly showing that "[t]he MDA understood it would lose its 'split state' status if it did not commit to implementing federal PINs and RFIDs on cattle in Michigan." *Id.* at 9. Plaintiffs overlook that the Court specifically rejected their coercion theory, and found that while MDA's "voluntariness may be influenced by such desires as qualifying

for split-state status, that goal does not rob state officials of decision authority." July 23, 2009 Mem. Op. at 14-15.

Nor can Plaintiffs be heard to complain that they were denied an opportunity to present evidence in support of their claims. Plaintiffs were permitted to — and did — attach numerous exhibits and declarations to their briefs in opposition to the motions.[2] *See* Dkt. ## 34 & 35. Further, the Court granted Plaintiffs leave to supplement the administrative record with 119 additional documents. *See* May 18, 2009 Minute Order. Indeed, Plaintiffs filed a 246-page supplement to the administrative record. *See* Dkt. # 65. Notwithstanding that, if Plaintiffs felt that they could not defend against the motions without taking jurisdictional discovery, they should have filed a motion for discovery. They did not, and it is too late to do so now. In any event, Plaintiffs' assertion that "[t]hese limited public documents do not reflect the entire scope, breadth and width of the evidence available to support [their] claims" and that "[a]dditional, non-public evidence could have significantly changed the Court's assessment of [their] claims[,]" Pls.' Reply at 6, is "rank speculation" and discovery "would amount to nothing more than a fishing expedition." *Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997). Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Dkt. # 62] is **DENIED**.

**SO ORDERED**.

DATE: September 14, 2009

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[2] Contrary to Plaintiffs' characterization, the Court did not "convert[] MDA's motion to dismiss into a motion for summary judgment . . . ." Pls.' Mem. at 12. No conversion was necessary because MDA filed a "Motion to Dismiss and Motion for Summary Judgment." *See* Dkt. # 31. Plaintiffs were thus on notice that MDA had moved for summary judgment, and were given sufficient opportunity to present all material in support of their opposition to that motion.